STATE OF CONNECTICUT *v.* JOSEPH WILSON

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued June 3—decided July 6, 1965

*Samuel N. Allen,* special public defender, for the appellant (defendant).

*Peter W. Gillies,* special assistant state's attorney, for the appellee (state).

ALCORN, J.  The defendant was tried on an information charging him with four counts of burglary in violation of § 53-68 of the General Statutes and one count of using a motor vehicle without the consent of the owner in violation of § 14-229 of the General Statutes.  Two of the burglary counts were dismissed by the court, and all evidence concerning them was stricken from the record.  The defendant was convicted, after a trial to a jury, of the remaining three counts after which he pleaded guilty to the second part of the information charging him with being a second offender pursuant to § 54-118 of the General Statutes on the basis of a prior conviction of the crimes of breaking and entering and larceny.  The defendant was thereupon sentenced to concurrent terms in the state prison on two counts of burglary, and judgment was suspended on the count charging him with using a motor vehicle without the permission of the owner.  He has appealed, assigning error in the court's refusal to strike out all of the evidence offered by the state.  His assignment of error is based upon the claim that his arrest, made without a warrant, was illegal and the evidence offered to convict him was obtained as a result of, and was therefore tainted by, the illegal

arrest. The decisive question is whether the defendant's arrest without a warrant was illegal.

The validity of the arrest is to be determined by the application of § 6-49 of the General Statutes, which permits members of the state police department or of an organized local police department to arrest, without previous complaint and warrant, any person who the officer has reasonable grounds to believe has committed a felony. *Martyn* v. *Donlin,* 151 Conn. 402, 409, 198 A.2d 700; *State* v. *Traub,* 150 Conn. 169, 173, 187 A.2d 230, cert. granted, judgment vacated and case remanded, 374 U.S. 493, 83 S. Ct. 1899, 10 L. Ed. 2d 1048; see *United States* v. *Di Re,* 332 U.S. 581, 589, 68 S. Ct. 222, 92 L. Ed. 210. The defendant was arrested without a warrant by state and Hartford police officers, and there is no claim that he was arrested for a crime committed in the officers' presence. We examine the facts of this case, therefore, to determine whether reasonable grounds existed for the arresting officers to believe that the defendant had committed a felony. In this connection "reasonable grounds to believe" is to be equated with "probable cause". *Henry* v. *United States,* 361 U.S. 98, 100, 102, 80 S. Ct. 168, 4 L. Ed. 2d 134. As the latter term implies, we are dealing with probabilities, and our determination is to be reached by an application of the factual and practical considerations of everyday life on which reasonable and prudent men act. *Brinegar* v. *United States,* 338 U.S. 160, 175, 69 S. Ct. 1302, 93 L. Ed. 1879. While the proposition was stated many years ago, we reaffirm as sound doctrine today the words of Chief Justice Church: "It is a false humanity which would protect offenders, either by stifling detection and prosecution, or by affording facilities to escape conviction, by unnecessary and artificial

technicalities in the administration of the law." *Rawson* v. *State,* 19 Conn. 292, 295. We also find ourselves in agreement with the declaration of the United States Court of Appeals for the District of Columbia Circuit that "[t]he whole complex of swift modern communication in a large police department would be a futility if the authority of an individual officer was to be circumscribed by the scope of his first hand knowledge of facts concerning a crime or alleged crime". *Williams* v. *United States,* 308 F.2d 326, 327 (D.C. Cir.).

In order to establish probable cause it is not necessary to produce a quantum of proof sufficient to establish guilt. *Draper* v. *United States,* 358 U.S. 307, 311, 79 S. Ct. 329, 3 L. Ed. 2d 327. Probable cause exists when the facts and circumstances within the knowledge of the officer and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution to believe that a felony had been committed. *Carroll* v. *United States,* 267 U.S. 132, 162, 45 S. Ct. 280, 69 L. Ed. 543; *Beck* v. *Ohio,* 379 U.S. 89, 91, 85 S. Ct. 223, 13 L. Ed. 2d 142.

With this test in mind we turn to the facts disclosed by this record. A house was broken into on July 13, 1962, and, in the same vicinity, on August 31, 1962, another house was broken into, an automobile was taken without the owner's permission, and still another homeowner observed a person attempting to break into her house. The next day this last homeowner described the person she had seen to the state police. Another resident had, on August 31, described a person he had seen, on that night, looking into the window of a residence in close proximity to the houses which had been burglarized on that date. On September 7, one of several state

police officers who were on patrol in the area of the burglaries received word of another burglary. He responded to the report and pursued a man who answered the description given by the witnesses. That man also looked like the defendant, who was pictured in a photograph which the police then had of the person for whom they were searching. After a chase through woods, however, the officer failed to overtake him. The state police then requested a stakeout at the defendant's house in Hartford, and, a few hours later, the defendant was taken into custody near his house by a state policeman and a Hartford policeman and was arrested without a warrant.

The foregoing recital demonstrates that the circumstances justified the arrest. It is not disputed that a felony had been committed. The state police had been given a description of a logical suspect which had been furnished by more than one eyewitness. That description fitted the photograph of a man with a record for breaking and entering and larceny. The state police reached the conclusion that they should search for this person as the responsible party. On September 7, the defendant was being sought as that person. A state police officer investigated the report of another burglary on that date. He then discovered, but was unable to apprehend, a man who answered the description of the defendant, and the help of the Hartford police department was enlisted to watch the defendant's house. Within a matter of hours the defendant was apprehended by state and local police officers. Clearly enough the arresting officers, on this state of facts, had sufficient information to warrant a man of reasonable caution to entertain the belief that a felony had been committed by the defendant

and thus to make the arrest. *Husty* v. *United States,* 282 U.S. 694, 701, 51 S. Ct. 240, 75 L. Ed. 629; *Draper* v. *United States,* 358 U.S. 307, 311, 79 S. Ct. 329, 3 L. Ed. 2d 327.

There is no error.

In this opinion the other judges concurred.