STATE OF CONNECTICUT *v.* CLIFTON SPELLMAN

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued June 1—decided July 21, 1965

*Catherine G. Roraback,* with whom, on the brief, was *Earl I. Williams,* for the appellant (defendant).

*Sherman Drutman,* assistant prosecuting attorney, for the appellee (state).

ALCORN, J. The defendant was convicted, in the Circuit Court, of keeping alcoholic liquor with intent to sell in violation of § 30-77 of the General Statutes. The conviction was affirmed by the Appellate Division of that court, and we granted certification. Practice Book §§ 740, 742.

Section 30-77 is a part of the Liquor Control Act, which was originally adopted as Public Acts 1933, c. 140, § 69 (Cum. Sup. 1933, § 737b) in language which so far as is now material is unaltered. The statute has been construed to make it a penal offense to sell, or keep with intent to sell, alcoholic liquor contrary to the provisions of the act. *State v. Faro,* 118 Conn. 267, 276, 171 A. 660. The offense is a misdemeanor. General Statutes §§ 30-113, 1-1.

The defendant claims that the statute is unconstitutional because of vagueness and because it seeks to penalize "a state of mind". In the *Faro* case this court concluded that the section is not indefinite and uncertain in meaning. The record before us does not show that the constitutional

question, now advanced, was raised by the defendant in the trial court nor that it was passed upon by either the trial court or the Appellate Division. The effort to inject the claim at this stage of the case therefore comes too late. Practice Book § 652.

The defendant also claims that the state failed to prove his guilt beyond a reasonable doubt. This is a claim which is to be tested by the evidence printed in appendices to the briefs. Neither the defendant nor the state has filed an appendix, and, consequently, we do not discuss the issue. *State* v. *Mendill,* 141 Conn. 360, 361, 106 A.2d 178; *State* v. *Weinrib,* 140 Conn. 247, 248, 99 A.2d 145; *State* v. *Simborski,* 120 Conn. 624, 626, 182 A. 221.

The decisive question is whether evidence obtained by a police officer in a search of the defendant's automobile was admissible in evidence against the defendant, neither a search warrant nor a warrant for the defendant's arrest having been first obtained by the officer. The state attempts to justify the search solely on the ground that it was incidental to a legal arrest without a warrant.

The following facts were found by the trial court: A few minutes before 1 o'clock on a February morning the defendant's automobile was parked in front of a restaurant on Washington Street in New Haven. A New Haven police officer was in a vehicle parked about twenty-five feet behind the defendant's car. The police officer saw the defendant talking to two persons in front of the restaurant. He did not overhear the conversation. At the conclusion of the conversation the defendant walked to his car, opened the trunk of the car and took two half-pint bottles from a box in the trunk. The officer approached the defendant, who looked at him, replaced the bottles in the trunk of the car and

closed the trunk. The officer had no warrant. He asked the defendant to open the trunk, and the defendant complied. In the trunk were twelve pint bottles labeled as containing wine and twenty-nine half-pint bottles labeled as containing whiskey. Seals on the bottles were unbroken. The officer arrested the defendant.

From these facts the trial court concluded that the bottles were in the possession of the defendant and contained intoxicating liquor, that the officer believed a sale of intoxicating liquor was in the process of consummation, but that there was no evidence that the defendant, with or without a permit, sold or delivered any alcoholic liquor. Finally, the court concluded that the defendant had the liquor in his possession with intent to sell, that he was guilty of the charge made against him and that the officer had reasonable ground to believe he was observing an illegal sale. This last conclusion presents the basic issue.

Whether the arrest occurred when the officer approached the defendant and asked him to open the trunk of the car or after the trunk had been opened does not specifically appear. Except as authorized by statute, an arrest without a warrant is illegal. *State* v. *Engle,* 115 Conn. 638, 645, 162 A. 922. Section 6-49 of the General Statutes empowers police officers to arrest for a misdemeanor, without prior complaint and warrant, "any person for any offense in their jurisdiction, when such person is taken or apprehended in the act or on the speedy information of others". *State* v. *DelVecchio,* 149 Conn. 567, 574, 182 A.2d 402. The defendant's arrest was made on the strength of the officer's own observation. Consequently the arrest would be legal only "if the circumstances then observed by him,

taken in connection with those before observed by him when weighed in the light of common knowledge, gave him probable reason or ground to believe that such a crime was being, or was about to be, committed". *State* v. *Reynolds,* 101 Conn. 224, 229, 125 A. 636.

Until he looked in the trunk of the defendant's car the officer's observation had been limited to seeing the defendant conclude a conversation with two persons in front of a restaurant, following which the defendant went to his car and got two bottles, which he replaced in the trunk as the officer approached him. There is no finding that, at this point, the officer could identify the bottles as liquor bottles or bottles containing liquor. There is no finding that the officer was in uniform or that he was in a police car. There is no suggestion that the officer had any prior knowledge concerning the defendant or any other relevant circumstances. Whether the two persons to whom the defendant had been talking waited on the sidewalk as he went to his car, or what became of them, does not appear. On these sketchy facts it can scarcely be said that the officer had probable reason or ground to believe that a crime was being, or was about to be, committed. From anything appearing in the finding, all of the observed acts were outwardly innocent. At that point, then, there was no valid basis for a legal arrest without a warrant. *Henry* v. *United States,* 361 U.S. 98, 102, 80 S. Ct. 168, 4 L. Ed. 2d 134.

There is no finding to indicate that the officer, upon approaching the defendant, imposed any restraint which could be construed as an arrest. Inasmuch as there is neither a finding that a legal arrest occurred at that time nor a basis for such a finding, the search which followed obviously could

not be sustained as incident to such an arrest. *State v. Collins,* 150 Conn. 488, 492, 191 A.2d 253. The search, if otherwise reasonable, could then be justified under the fourth amendment and § 1 of the fourteenth amendment to the United States constitution and article first, § 8, of the Connecticut constitution only on proof by the state that the protection afforded by those constitutional provisions had been waived. *State v. Hanna,* 150 Conn. 457, 469, 191 A.2d 124. Such waiver could be found if the defendant consented to the search, but no such consent has been found by the court. The court did not expressly find that the search was lawful, nor do the rulings admitting evidence of the result of the search indicate consent to be the basis for the rulings. *State v. Collins,* supra, 493. The finding is only that when the officer asked the defendant to open the trunk of the car he "complied". Such compliance would not necessarily be voluntary. See *Johnson v. United States,* 333 U.S. 10, 12, 68 S. Ct. 367, 92 L. Ed. 436.

The implication from the chronology of the finding is that the arrest followed the search and was, in part at least, prompted by it. The result of the search could not, however, be used to sustain the legality of the arrest. *State v. DelVecchio,* supra, 574; *Henry v. United States,* supra, 103. It follows that, on the record before us, the court erred in admitting evidence of the fruits of the search and that such error was prejudicial.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.