STATE OF CONNECTICUT *v.* ANTHONY ADINOLFI

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued November 8—decided December 3, 1968

*Arthur Levy, Jr.,* with whom, on the brief, was *Warren A. Luedecker,* for the appellant (defendant).

*David B. Salzman,* assistant state's attorney, with whom, on the brief, were *George R. Tiernan,* state's attorney, and *Richard P. Sperandeo* and *Robert K. Walsh,* assistant state's attorneys, for the appellee (state).

ALCORN, J. The defendant was convicted by a jury of having a weapon in a vehicle owned, operated or occupied by him in violation of § 29-38 of the General Statutes, and he has appealed from the judgment rendered on the verdict.

The defendant did not testify, and his first con-

tention is that the court erred in charging the jury that no unfavorable inference could be drawn from that circumstance. The claim is without merit. During the examination of veniremen on the voir dire, the defendant's counsel emphasized to at least eleven of the twelve jurors who were selected that the defendant did not intend to testify and that no juror should draw any unfavorable inference therefrom. We find no reversible error in the action of the court in adding its weight to that admonition.

The three remaining assignments of error involve rulings on evidence. The first concerned the admission into evidence of a sawed-off section of a pool cue, referred to as a club, which was on the front seat of the automobile beside the defendant when he was arrested. The state had offered evidence to prove that, in response to a radio report of a breach of the peace at a restaurant, three police officers went to the restaurant at 1:08 a.m. and were told by eyewitnesses that the defendant had been involved in a fight there. The police went looking for the defendant and found him seated in an automobile on a public street. When the officers looked in the car, they saw the sawed-off pool cue, and they arrested the defendant for breach of the peace. They removed him from the car and immediately searched it. An automatic pistol and an empty cartridge magazine were found under the front seat. The state did not claim that the sawed-off cue was a dangerous weapon under the statute or that it had been used in the brawl. In the absence of the jury, the state announced its intention to offer the sawed-off cue as an exhibit, and the defendant objected on the ground that it was irrelevant. Since the sawed-off cue was in plain sight, the defendant understandably made no claim that it was the product of

an illegal search. *State* v. *Allen,* 155 Conn. 385, 393, 232 A.2d 315. The state claimed that it was relevant to the reasonableness of the ensuing search of the car incident to the arrest; the court ruled that it was admissible on that ground; and, after the jury were recalled, the exhibit was received in evidence. There was no error in the ruling. *State* v. *Towles,* 155 Conn. 516, 523, 235 A.2d 639.

The second ruling assigned as error presents no issue because no ruling by the court appears from the record to have been made, no exception to any ruling was taken, and the matter is not briefed.

The third ruling assigned as error is the admission into evidence of the testimony of one of the police officers concerning his actions from the time he received the radio call until the pistol was found in the automobile. The court heard the offer, the objection, and the proposed testimony in the absence of the jury. Whether the same testimony was repeated to the jury does not appear. Defense counsel objected, in advance, to the line of questioning on the grounds that the defendant was arrested "without an arrest warrant and not on speedy information of others", that his vehicle was searched without a search warrant, and that an unreasonable search was made even if the arrest was legal. The officer testified in substance that he arrived at the scene of the disturbance at the restaurant within a few minutes after it had occurred; that persons there, including another police officer, told him that the defendant was involved and was wanted for breach of the peace; that he went directly to the spot where the defendant was seated in the automobile; that he approached the car and told the defendant he was under arrest for breach of the peace; that he saw, through the windshield, the

sawed-off pool cue beside the defendant; and that he removed the defendant from the vehicle and immediately searched it. The court overruled the defendant's objections to this line of testimony and granted an exception. The ruling was not erroneous. The offense for which the defendant was arrested was a misdemeanor. General Statutes §§ 53-174, 1-1; *Heating Acceptance Corporation* v. *Patterson,* 152 Conn. 467, 471, 208 A.2d 341. Consequently, the police had the power to arrest on the speedy information of others. General Statutes § 6-49; *State* v. *Spellman,* 153 Conn. 65, 69, 212 A.2d 413. Clearly enough, this arrest was made on the speedy information of others and was therefore a lawful arrest. "A properly conducted search incidental to a lawful arrest is not illegal even though it is made without a warrant." *State* v. *Collins,* 150 Conn. 488, 492, 191 A.2d 253. There is no claim that the method of searching the car was in any way unreasonable. Indeed, the record is silent as to what was done, and, for aught that appears, the police may merely have looked under the seat.

There is no error.

In this opinion the other judges concurred.