STATE OF CONNECTICUT v. SAVERIO COBUZZI

HOUSE, THIM, RYAN, SHAPIRO and LOISELLE, Js.

Argued May 5—decided June 25, 1971

*Charles G. Karanian,* with whom, on the brief, were *Daniel J. Hagearty* and *Lewis Platt,* for the appellant (defendant).

*George D. Stoughton,* chief assistant state's attorney, with whom, on the brief, was *John D. LaBelle,* state's attorney, for the appellee (state).

LOISELLE, J. In a trial to the court the defendant was found guilty of breaking and entering with criminal intent in violation of § 53-76 of the General Statutes, larceny in violation of § 53-63 and possession of burglar's tools in the night in violation of § 53-71.

The defendant has assigned error in certain rulings of the trial court on evidence, in the finding and in the court's conclusion that on all the evidence the defendant was guilty beyond a reasonable doubt of the crimes charged.

The defendant's first claim is that the trial court erred in denying his motion to suppress evidence of a bag, a pair of pliers, a pair of gloves and some coins and in admitting these items and testimony concerning them in evidence. The gravamen of the defendant's claim is that the evidence in question was obtained as a result of an illegal search and seizure in violation of his federal and state constitutional rights. The defendant assigns as error the court's conclusion that the evidence was seized as the result of a valid search incident to a lawful arrest. It is well established that "a properly conducted search incidental to a lawful arrest is not illegal even though it is made without a warrant." *State* v. *Collins,* 150 Conn. 488, 492, 191 A.2d 253; *State* v. *Adinolfi,* 157 Conn. 222, 226, 253 A.2d 34. Thus, if the evidence was obtained as the result of a valid search and seizure incident to a lawful arrest, as the court concluded, the evidence was not illegally obtained and was admissible. *Draper* v. *United States,* 358 U.S. 307, 314, 79 S. Ct. 329, 3 L. Ed. 2d 327; *United States* v. *Rabinowitz,* 339 U.S. 56, 60, 70 S. Ct. 430, 94 L. Ed. 653; *State* v. *DelVecchio,* 149 Conn. 567, 573, 182 A.2d 402.

The facts found by the trial court relevant to the

issue of whether the evidence was obtained as the result of a valid search and seizure incidental to a lawful arrest may be summarized as follows: Early in the morning of May 13, 1967, Officer Edward C. Hart, Jr., of the Hartford police observed the defendant operating a motor vehicle at Main and Church Streets near the Hartford Stamp and Coin Company, which is located at 56 Church Street in the city of Hartford. He next saw the defendant's vehicle at Trumbull and Asylum Streets. He followed it west on Asylum Street to High Street and stopped at High Street while the defendant drove on. A few minutes later Hart again saw the defendant's vehicle at High and Asylum Streets, whereupon he followed it and stopped it at Trumbull and Pearl Streets at about 3:45 a.m., which was about fifteen minutes after he first saw the vehicle. The neighborhood in question is a commercial area that is ordinarily deserted at that hour. Hart, acting pursuant to General Statutes § 14-217, asked for and received the defendant's operator's license and registration. The defendant told Hart that he had finished work at 1 a.m., that he was out on personal business and that he was going to Rocky Hill. While talking to the defendant Hart saw, in plain view on the floor of the back seat, an open brown paper bag containing pennies, a pair of black gloves and a pair of pliers. Hart did not detain the defendant and proceeded to check the doors of various commercial establishments. In so doing he found that the Hartford Stamp and Coin Company had been broken into by the breaking of a glass panel in the door and that the cash register inside had been pried open.

The court further found that at 4:30 o'clock on the same morning Officer Bernard Sullivan of the Hart-

ford police stopped the defendant's vehicle at the Capitol area exit from route 91 southbound into Hartford. Sullivan was acting on information based on the observations of Officer Hart which gave him probable cause to believe that the defendant had committed or was committing a felony. Sullivan had been informed by police radio that a coin store had been broken into and that a policeman had seen some coins in the defendant's vehicle. When Sullivan stopped the defendant, the defendant was driving and had a passenger. Sullivan ordered both to leave the vehicle. He asked the defendant if he could search the vehicle. The defendant told him to go ahead and said he had nothing to hide. Sullivan observed a brown paper bag containing pliers, black leather gloves and some change made up mostly of pennies. Sullivan did not inform the defendant that he was under arrest although the defendant was placed under actual restraint and the defendant submitted to the custody of the officer. At that time, Sullivan did not intend to inform the defendant that he was under arrest unless the defendant resisted, leaving this disclosure to Hart, the investigating officer.

The defendant has assigned error in the trial court's finding of certain of the aforementioned facts. Since, however, the defendant has not briefed these assignments, they must be treated as abandoned. *Johnston Jewels, Ltd.* v. *Leonard,* 156 Conn. 75, 77, 239 A.2d 500; *Bartlett* v. *Flaherty,* 155 Conn. 203, 205, 230 A.2d 436.

The first question is whether, in light of the facts found, the arrest, to which it is claimed the search was incident, was a legal arrest. A search cannot be sustained as incident to an arrest unless the arrest itself was valid. See *State* v. *Spellman,* 153 Conn.

65, 70, 212 A.2d 413. The validity of the arrest is to be determined by the application of § 6-49 of the General Statutes, which authorizes a police officer to arrest without a warrant "any person who such officer has reasonable grounds to believe has committed or is committing a felony." "[R]easonable grounds to believe" is to be equated with probable cause. *Henry* v. *United States,* 361 U.S. 98, 100, 102, 80 S. Ct. 168, 4 L. Ed. 2d 134; *State* v. *Wilson,* 153 Conn. 39, 41, 212 A.2d 75. "In dealing with probable cause . . . , as the very name implies, we deal with probabilities. These are not technical, they are factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Brinegar* v. *United States,* 338 U.S. 160, 175, 69 S. Ct. 1302, 93 L. Ed. 1879; *State* v. *Wilson,* supra. In order to establish probable cause, it is not necessary to produce a quantum of evidence necessary to convict. *Draper* v. *United States,* 358 U.S. 307, 311, 79 S. Ct. 329, 3 L. Ed. 2d 327; *State* v. *Sweeney,* 157 Conn. 485, 488, 255 A.2d 622; *State* v. *Towles,* 155 Conn. 516, 520, 235 A.2d 639; *State* v. *Wilson,* supra, 42. Probable cause exists when the facts and circumstances within the knowledge of the officer and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution to believe that a felony has been committed. *Beck* v. *Ohio,* 379 U.S. 89, 91, 85 S. Ct. 223, 13 L. Ed. 2d 142; *Brinegar* v. *United States,* supra; *Carroll* v. *United States,* 267 U.S. 132, 162, 45 S. Ct. 280, 69 L. Ed. 543; *State* v. *Towles,* supra; *State* v. *Elliott,* 153 Conn. 147, 152, 215 A.2d 108; *State* v. *Wilson,* supra.

Officer Hart was legally justified in stopping the defendant's vehicle after noting the circuitous route the vehicle was taking in a commercial area which

was ordinarily deserted in the early morning. Under these circumstances he was entitled to make a license and registration check pursuant to the provisions of § 14-217. During the process of checking these documents he saw an open bag containing change, gloves and pliers on the floor of the back seat. His observation of these items did not constitute an unlawful search and seizure inasmuch as they were in plain view. See *Harris* v. *United States,* 390 U.S. 234, 236, 88 S. Ct. 992, 19 L. Ed. 2d 1067; *Ker* v. *California,* 374 U.S. 23, 43, 83 S. Ct. 1623, 10 L. Ed. 2d 726; *State* v. *Smith,* 157 Conn. 351, 355, 254 A.2d 447; *State* v. *Adinolfi,* 157 Conn. 222, 224, 253 A.2d 34. When Officer Hart discovered that a coin store in the area had been broken into, he had "reasonable grounds to believe" that the defendant had committed a felony. It is true that Officer Sullivan, the arresting officer, did not have firsthand knowledge of the aforementioned facts; but the existence of probable cause is to be determined on the basis of the collective information of the law enforcement organization as a whole and not solely on that of the arresting officer. *Williams* v. *United States,* 308 F.2d 326 (D.C. Cir.); *State* v. *Wilson,* 153 Conn. 39, 42, 212 A.2d 75; see also *Whiteley* v. *Warden,* 401 U.S. 560, 91 S. Ct. 1031, 28 L. Ed. 2d 306. Thus, when Officer Sullivan stopped the defendant's vehicle, probable cause for arrest existed.

There remains the question whether the search was contemporaneous with the arrest. A valid search incident to an arrest must be contemporaneous with the arrest. *Warden* v. *Hayden,* 387 U.S. 294, 299, 87 S. Ct. 1642, 18 L. Ed. 2d 782; *Preston* v. *United States,* 376 U.S. 364, 367, 84 S. Ct. 881, 11 L. Ed. 2d 777; *State* v. *Hassett,* 155 Conn. 225,

232, 230 A.2d 553. "Once an accused is under arrest and in custody, then a search made at another place, without a warrant, is simply not incident to the arrest." *Preston* v. *United States,* supra. After Officer Sullivan stopped the defendant's vehicle, he ordered the defendant out of the car and placed him under actual restraint and the defendant submitted to his custody. Although the defendant was not formally arrested until later that morning, when he was taken to police headquarters and booked, it is unnecessary under the circumstances of the present case to decide whether he was arrested when he was taken into custody on the street or when he was taken to police headquarters and booked. The happenings within this period must be considered one transaction. *State* v. *Hassett,* supra. The finding does not disclose whether the defendant was under restraint before or after the search. As it has been pointed out, however, Sullivan had probable cause to arrest the defendant at the time his vehicle was stopped. It is clear that the search was made shortly thereafter, and that it was not remote in time and place from the occurrence of the actual restraint of the defendant. It is also clear that the search and the placing of the defendant under actual restraint were integral parts of a single incident. A search may be incident to an arrest even though the search precedes the arrest if adequate grounds exist at the time of the search and both the arrest and the search are integral parts of a single incident. See *Ker* v. *California,* 374 U.S. 23, 42–43, 83 S. Ct. 1623, 10 L. Ed. 2d 726; *Buick* v. *United States,* 396 F.2d 912, 915 (9th Cir.); *Bailey* v. *United States,* 389 F.2d 305, 308 (D.C. Cir.); *United States* v. *Lucas,* 360 F.2d 937, 938 (6th Cir.); *United States* v. *Gorman,* 355 F.2d 151, 159–160 (2d Cir.), cert. denied,

384 U.S. 1024, 86 S. Ct. 1962, 16 L. Ed. 2d 1027;
*State* v. *Elliott,* 153 Conn. 147, 154, 215 A.2d 108;
*People* v. *Simon,* 45 Cal. 2d 645, 648, 290 P.2d 531;
*State* v. *Doyle,* 42 N.J. 334, 343, 200 A.2d 606; *State*
v. *McDaniel,* 115 Ore. 187, 241, 231 P. 965, 237 P. 373.
Thus, even assuming the search occurred before the
placing of the defendant under actual restraint, the
search was incident to the defendant's arrest.

Furthermore, the search and seizure were clearly
permissible under the rule enunciated in *Chambers*
v. *Maroney,* 399 U.S. 42, 90 S. Ct. 1975, 26 L. Ed. 2d
419; see also *State* v. *Holmes,* 160 Conn. 140, 274
A.2d 153. It follows that these items and testimony
concerning them were not inadmissible on the
ground that they were obtained as the result of an
illegal search and seizure.

The defendant also claims in effect that the trial
court erred in admitting this evidence on the ground
that it abused its discretion by ruling that the evi-
dence was admissible on the basis of a theory and
for reasons different from those advanced by the
state. This claim, however, is without merit. This
is not like the cases relied on by the defendant
where the trial court interfered with the presenta-
tion of the defendant's case at the trial so as to prej-
udice the defendant. *State* v. *Gionfriddo,* 154 Conn.
90, 97, 221 A.2d 851; *Quednau* v. *Langrish,* 144
Conn. 706, 137 A.2d 544. Rather, this is a case in-
volving a ruling by the court on the defendant's
claim that the evidence was inadmissible because it
was obtained as a result of an illegal search and sei-
zure. The court concluded that the evidence was
obtained as a result of a legal search and seizure on
the ground that it was seized in connection with a
valid search incident to a lawful arrest rather than
on the ground urged by the state, namely, that it was

seized in connection with a search to which the defendant had validly consented. Both counsel for the defendant and counsel for the state were given a full opportunity to offer evidence on this issue and to make arguments on the legal significance of this evidence. Although the state urged that the evidence was admissible on the theory that it was seized in connection with a search to which the defendant had validly consented, both the defendant's counsel and counsel for the state specifically addressed themselves to the question whether the evidence was admissible on the theory that it was seized as a result of a valid search incident to a lawful arrest. Under these circumstances it certainly cannot be said that the court's ruling that the evidence was admissible constituted an abuse of discretion merely because the court did not adopt the state's position.

The defendant's final claim is that the trial court erred in concluding on all the evidence that the defendant was guilty beyond a reasonable doubt of the crimes charged, namely, breaking and entering, larceny and possession of burglar's tools in the night. Such a claim must be tested by the evidence printed in the appendices to the briefs. *State* v. *Moreno,* 156 Conn. 233, 236, 240 A.2d 871; *State* v. *Davis,* 153 Conn. 228, 229, 215 A.2d 414; *State* v. *Pundy,* 147 Conn. 7, 9, 156 A.2d 193.

The evidence may be summarized as follows: In the early morning hours of May 13, 1967, a Hartford police officer stopped a car occupied by the defendant and, on looking through the car window, the officer saw a paper bag containing pennies, a pair of gloves and a pair of pliers on the floor of the back seat. The officer did not detain the defendant and proceeded to check commercial establishments

in the area. He discovered that a coin store had been broken into and that the cash drawer of a brown register inside had been pried open. There was an indentation in the register where the drawer had been pried open and the brown paint on the register had been chipped away. The change, including a quantity of pennies which had been in the drawer when the store owner left the store at six o'clock on May 12, 1967, was missing. Shortly after it was discovered that the coin store had been broken into, a car driven by the defendant was stopped by another Hartford police officer. A bag was found in the car. The bag contained change made up mostly of pennies. It also contained a pair of pliers with a chip of brown paint on its nose. The nose of the pliers fitted the indentation on the aforementioned register. This evidence and the inferences which the court could reasonably draw from it were sufficient to support its conclusion that the defendant was guilty beyond a reasonable doubt of the crimes charged.

The defendant has pursued several other assignments of error relating to the trial court's refusal to find certain paragraphs of his draft finding and relating to certain of the trial court's conclusions. We need not, however, review these conclusions since they would not affect the final result. *Covino* v. *Pfeffer,* 160 Conn. 212, 217, 276 A.2d 895; *Fritz* v. *Mazurek,* 156 Conn. 555, 561, 244 A.2d 368; *Goldstein* v. *Hartford,* 144 Conn. 739, 740, 131 A.2d 927.

There is no error.

In this opinion the other judges concurred.