STATE OF CONNECTICUT *v.* CLARENCE W. LOVE

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued October 8—decision released November 18, 1975

*Stephen F. Donahue,* special public defender, with whom, on the brief, was *Howard T. Owens, Jr.,* special public defender, for the appellant (defendant).

*Richard F. Jacobson,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *Thomas E. Minogue, Jr.,* assistant state's attorney, for the appellee (state).

HOUSE, C. J.  The defendant was found guilty by the Superior Court (*Tedesco, J.*) of having under his control on August 19, 1971, certain narcotic

drugs, heroin and cocaine.[1] Thereafter, the defendant entered a plea of guilty of being a habitual offender in violation of § 54-121 of the General Statutes. Before the trial, he had filed a motion to dismiss the information, claiming that there was no probable cause for his arrest on August 19, 1971. On this appeal his sole claim of error is the court's (*Tierney, J.*) denial of that motion.

The court's finding of fact relevant to the motion to dismiss has not been attacked. It discloses that between 5:30 p.m. and 5:45 p.m., on August 19, 1971, Officer Alerise S. Best of the Bridgeport police department tactical unit received information from an informant that the defendant was coming by train to Bridgeport from New York City with some narcotics and that he might be accompanied by a female companion. The defendant was known to Best from prior narcotics investigations and the informant had previously furnished information which had led to four arrests and four convictions concerning narcotics. Later that evening, at approximately 9 p.m., Officers Best, Robert W. Golas and Earl W. Mellow drove to the Bridgeport railroad station in an unmarked car. There, Officer Best saw Love come from a tunnel under the railroad station with a female companion and get into a cab. Love sat behind the driver and his companion sat to the right of Love. The officers, in their car, followed the cab and near the intersection of Crescent Avenue and Pembroke Street they pulled alongside and Officer Mellow

---

[1] It is noted that although the substantive offense is clearly specified in the information and judgment the statute referred to is incorrectly recited as "section 19-481a" rather than "section 19-481 (a)." The defendant has made no issue of the incorrect reference, and it is clear from his brief and argument that he was not misled. The mistake is at most harmless.

told the cab driver to stop, which he did. Thereupon Love started to exit from the cab and its interior light went on. At the same time, Love passed a brown paper bag to his female companion who opened the door on her side of the cab and dropped the bag outside the cab. Officer Best picked up the bag, opened it, and saw what he believed, on the basis of his training and experience, to be narcotics packaged in tinfoil and glassine envelopes. He informed Officer Mellow of his discovery and showed him the narcotics. Mellow then arrested Love. On these facts, the court denied the motion to dismiss the information, concluding that there was probable cause for the arrest.

The crime for which the defendant was arrested and charged was a felony. General Statutes § 1-1, as then in effect. The arrest was not made pursuant to a warrant, but a police officer may lawfully arrest without previous complaint or warrant any person whom he has reasonable grounds to believe has committed or is committing a felony. *State* v. *Cobuzzi,* 161 Conn. 371, 376, 288 A.2d 439, cert. denied, 404 U.S. 1017, 92 S. Ct. 677, 30 L. Ed. 2d 664; *State* v. *Wilson,* 153 Conn. 39, 41, 212 A.2d 75; General Statutes § 6-49. As we observed in the *Cobuzzi* case, supra: " '[R]easonable grounds to believe' is to be equated with probable cause. *Henry* v. *United States,* 361 U.S. 98, 100, 102, 80 S. Ct. 168, 4 L. Ed. 2d 134; *State* v. *Wilson,* 153 Conn. 39, 41, 212 A.2d 75. 'In dealing with probable cause . . . , as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.' *Brinegar* v. *United States,* 338

U.S. 160, 175, 69 S. Ct. 1302, 93 L. Ed. 1879; *State v. Wilson,* supra. In order to establish probable cause, it is not necessary to produce a quantum of evidence necessary to convict. *Draper* v. *United States,* 358 U.S. 307, 311, 79 S. Ct. 329, 3 L. Ed. 2d 327; *State* v. *Sweeney,* 157 Conn. 485, 488, 255 A.2d 622; *State* v. *Towles,* 155 Conn. 516, 520, 235 A.2d 639; *State* v. *Wilson,* supra, 42. Probable cause exists when the facts and circumstances within the knowledge of the officer and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution to believe that a felony has been committed. *Beck* v. *Ohio,* 379 U.S. 89, 91, 85 S. Ct. 223, 13 L. Ed. 2d 142; *Brinegar* v. *United States,* supra; *Carroll* v. *United States,* 267 U.S. 132, 162, 45 S. Ct. 280, 69 L. Ed. 543; *State* v. *Towles,* supra; *State* v. *Elliott,* 153 Conn. 147, 152, 215 A.2d 108; *State* v. *Wilson,* supra."

The defendant's reliance upon the decision in *Henry* v. *United States,* 361 U.S. 98, 80 S. Ct. 168, 4 L. Ed. 2d 134, to support his contention that the arrest of the defendant occurred at the time that the taxicab driver was directed to pull over and stop is misplaced. Precisely when an arrest occurs is a question of fact which depends on an evaluation of all the surrounding circumstances. *Sibron* v. *New York,* 392 U.S. 40, 67, 88 S. Ct. 1889, 20 L. Ed. 2d 917; *Rios* v. *United States,* 364 U.S. 253, 261–62, 80 S. Ct. 1431, 4 L. Ed. 2d 1688. In the *Henry* case, federal agents had been investigating Henry, had him under surveillance and observed him loading packages into his car in an alley. There was nothing to connect his actions with any unlawful act and, nevertheless, the agents stopped his car, arrested him and searched. The

prosecution, both at the trial and before the United States Supreme Court, conceded that the arrest took place when the federal agents stopped the car. In the present case, the facts as found by the court and hereinbefore recited are substantially different and are similar to those in *Rios* v. *United States,* supra. See also *United States* v. *Rios,* 192 F. Sup. 888 (S.D. Cal.), and *State* v. *Watson,* 165 Conn. 577, 345 A.2d 532. The defendant in this case was not arrested at the time the taxicab was ordered to stop but at that time was merely detained. As this court stated in *State* v. *Watson,* supra, 584–86: "Police have the right to stop for investigation short of arrest 'where a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot.' *Terry* v. *Ohio,* . . . [392 U.S. 1, 30, 33, 88 S. Ct. 1868, 20 L. Ed. 2d 889]. Furthermore, in *Adams* v. *Williams,* 407 U.S. 143, 146, 92 S. Ct. 1921, 32 L. Ed. 2d 612, the court held that '[a] brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time.' Effective crime prevention and detection underlie the recognition that a police officer may, in appropriate circumstances and in an appropriate manner, approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest. . . . The results of the initial stop may arouse further suspicion or may dispel the questions in the officer's mind. If the latter is the case, the stop may go no further and the detained individual must be free to go. If, on the contrary, the officer's suspicions are confirmed

or are further aroused, the stop may be prolonged and the scope enlarged as required by the circumstances. . . . The facts of this case after the initial stop present a good example of flexible police action escalating in response to the reactions of suspects." It was the behavior of the defendant and his companion at the time the taxicab stopped, in dropping outside the cab the paper bag which readily appeared to the officers to contain narcotics, which constituted the probable cause for and resulted in the arrest of the defendant. The record fully supports the trial court's finding of probable cause at the time Officer Mellow arrested the defendant. *McCray* v. *Illinois,* 386 U.S. 300, 304, 87 S. Ct. 1056, 18 L. Ed. 2d 62; *Henry* v. *United States,* supra; *Draper* v. *United States,* 358 U.S. 307, 310, 79 S. Ct. 329, 3 L. Ed. 2d 327; *State* v. *Cari,* 163 Conn. 174, 187, 303 A.2d 7; *State* v. *Cobuzzi,* 161 Conn. 371, 376, 288 A.2d 439; *State* v. *Sweeney,* 157 Conn. 485, 490, 255 A.2d 622; *State* v. *Allen,* 155 Conn. 385, 393, 232 A.2d 315.

We have no doubt that upon the authority of the cases we have cited the officers had the right to stop the cab to investigate on the basis of a reasonable suspicion of illegal narcotics activity based on the specific facts that: (1) Officer Best knew Love from prior narcotics investigations; (2) an informant gave him information concerning Love's illegal possession of narcotics, stating that Love would arrive at a certain place at an approximate time, possibly with a female companion; (3) the informant was reliable, having on four previous occasions given information concerning narcotics, which information led to arrests and convictions; (4) the defendant and his companion appeared as foretold by the informant. See also *United States* v.

*Brignoni-Ponce,* 422 U.S. 873, 95 S. Ct. 2574, 45 L. Ed. 2d 607; *State* v. *Holmes,* 160 Conn. 140, 146–47, 274 A.2d 153; LaFave, " 'Street Encounters' and the Constitution: *Terry, Sibron, Peters,* and Beyond," 67 Mich. L. Rev. 39, 65. In response to the lawful stop, "the defendant may have had the right to remain silent, to proclaim his innocence or to demand that he be let alone," but his subsequent actions and the discard of the narcotics established probable cause for his arrest. *State* v. *Sweeney,* supra.

On the facts which it found to exist, the court could reasonably and logically conclude, as it did, that probable cause to arrest the defendant existed and we find no error in its denial of the motion to dismiss the information.

There is no error.

In this opinion the other judges concurred.