### STATE OF CONNECTICUT *v.* RICKY DENNIS
### (10999)

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and SHEA, Js.

Argued December 2, 1982—decision released March 1, 1983

*Donald D. Dakers,* public defender, for the appellant (defendant).

*Roland D. Fasano,* assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (state).

PER CURIAM. The defendant was charged with the crime of robbery in the first degree in violation of General Statutes § 53a-134 (a) (4). A motion to dismiss the information filed by the defendant was denied by the trial court after an evidentiary hearing. After a trial to the court, the defendant was convicted as charged. The defendant has appealed, claiming that the trial court erred in denying his motion to dismiss the information because his warrantless arrest violated the fourth amendment to the United States Constitution in that it was not based on probable cause. We find no error.

The court could have reasonably found the following facts: At approximately 8:30 p.m. on May 22, 1980, two black males, one of whom was armed with a handgun, forced their way into the occupied attendant's booth of a service station located on Whalley Avenue in New Haven and stole a purse and the cash drawer containing approximately $300. In addition to a detailed description of the two robbers, the police had the license plate number of the getaway vehicle which allowed them to trace the ownership of the vehicle to a woman residing on Woolsey Street in New Haven. A stakeout of that area resulted in the arrest of the defendant and another man accompanying him. On appeal the defendant argues that the facts known to the New Haven police at the time of his arrest were insufficient to establish probable cause.

A police officer is authorized to arrest, without a warrant, "any person who such officer has reasonable grounds to believe has committed or is committing a felony." General Statutes § 6-49, now § 54-1f (b); *State* v. *Wilson,* 178 Conn. 427, 435, 423 A.2d 72 (1979); *State* v. *Penland,* 174 Conn. 153, 155, 384 A.2d 356, cert. denied, 436 U.S. 906, 98 S. Ct. 2237, 56 L. Ed. 2d 404 (1978). We have stated on numerous occasions that the term "reasonable grounds" as used in the statute is to be equated with probable cause. *State* v. *Wilson,* supra; *State* v. *Penland,* supra; *State* v. *Cobuzzi,* 161 Conn. 371, 376, 288 A.2d 439 (1971), cert. denied, 404 U.S. 1017, 92 S. Ct. 677, 30 L. Ed. 2d 664 (1972).

" ' "Probable cause exists when the facts and circumstances within the knowledge of the officer and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution to believe that a felony had been committed." *State* v. *Wilson,* 153 Conn. 39, 42, 212 A.2d 75 [1965]'; *State* v. *Wilson,* 178 Conn. 427, 435–36, 423 A.2d 72 (1979); and that the person arrested committed it. *State* v. *DeChamplain,* 179 Conn. 522, 529, 427 A.2d 1338 (1980); see *Brinegar* v. *United States,* 338 U.S. 160, 175–76, 69 S. Ct. 1302, 93 L. Ed. 1879 (1949); *Carroll* v. *United States,* 267 U.S. 132, 162, 45 S. Ct. 280, 69 L. Ed. 543 (1925). The quantum of evidence necessary to establish probable cause exceeds mere suspicion, but is substantially less than that required for conviction. Our cases have made clear that '[t]here is often a fine line between mere suspicion and probable cause, and "[t]hat line necessarily must be drawn by an act of judgment formed in light of the particular situation and with account taken of

all the circumstances." *Brinegar* v. *United States,* supra, 176.' *State* v. *Penland,* 174 Conn. 153, 155–56, 384 A.2d 356, cert. denied, 436 U.S. 906, 98 S. Ct. 2237, 56 L. Ed. 2d 404 (1978). Furthermore, when we test the quantum of evidence supporting probable cause, it is not the personal knowledge of the arresting officer but the collective knowledge of the law enforcement organization at the time of the arrest which must be considered. *State* v. *Runkles,* 174 Conn. 405, 411, 389 A.2d 730, cert. denied, 439 U.S. 859, 99 S. Ct. 177, 58 L. Ed. 2d 168 (1978); *State* v. *Romano,* 165 Conn. 239, 246, 332 A.2d 64 (1973); *State* v. *Cobuzzi,* 161 Conn. 371, 377, 288 A.2d 439 (1971), cert. denied, 404 U.S. 1017, 92 S. Ct. 677, 30 L. Ed. 2d 664 (1972)." *State* v. *Acquin,* 187 Conn. 647, 656–57, 448 A.2d 163 (1982).

It is clear that the New Haven police were aware of the following facts prior to the defendant's arrest: The robbery at the service station was perpetrated at approximately 8:30 p.m. by two black males, one of whom was described as being eighteen to twenty years of age, five feet ten inches tall, wearing a short afro hair style, clean shaven, having a thin build, and wearing gray pants and a blue, patterned shirt. He was also described as carrying a dark colored automatic pistol. The other suspect was described as being eighteen to twenty years old, six feet two inches tall, of medium build, and wearing dark clothing, a stocking mask, and glasses. The police also had the license plate number and a general description of the getaway vehicle, and were able to trace the registration number on the license plate to a woman who resided on Woolsey Street in New Haven. A description of the suspects and the vehicle, including the license

plate number, was broadcast to police vehicles in the city. A police officer was assigned to stake out the Woolsey Street area. At approximately 9:30 p.m., one hour after the commission of the crime, he observed a vehicle matching the description arrive at Woolsey Street and saw two males who fit the description exit the car and enter a house located at 86 Woolsey Street. After confirming that the vehicle's license plate number was the same as the one indicated in the broadcast, the officer radioed for assistance. The defendant and the individual with him were taken into custody as they left the house.

These facts and circumstances provided reasonable grounds for the police to believe that the defendant was one of the two persons who had committed the robbery at the service station. The trial court, therefore, correctly concluded that the warrantless arrest was lawful, and its denial of the defendant's motion to dismiss was not error.

There is no error.