[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this matter the plaintiff appeals from an order of Hearing Officer Hillary Bargar acting on behalf of the Commissioner of Motor Vehicles pursuant to 4-176e Connecticut General Statutes. The Agency proceeding is provided for under14-227b. Implied Consent to Test, Connecticut General Statutes, and sets forth the procedures to be followed by the Commissioner of Motor Vehicles leading to the suspension of an operator's CT Page 2573 license who, upon being arrested for operating a motor vehicle while under the influence of intoxicating liquor refuses to submit to a chemical analysis of his blood, breath or urine. The Hearing Officer conducted the hearing at which plaintiff was represented by counsel, pursuant to 14-227b (f) with the issues limited to a determination of four questions as provided therein:
 1. Did the police officer have probable cause to arrest the plaintiff for operating a motor vehicle while under the influence of intoxicating liquor;
(2) Was this person placed under arrest;
 (3) Did such person refuse to submit to such test; and
 (4) Was such person operating this motor vehicle.
Hearing Officer Bargar issued her decision May 15, 1990 (Record Item 7) answering in the affirmative all four questions and ordered a suspension of the plaintiff's license to operate a motor vehicle for six months.
It is from this decision and order that the plaintiff appeals, claiming at oral argument that her appeal should be sustained on the grounds that:
 (1) There was no basis in the record for the Hearing Officer to conclude that there was probable cause for the investigating officer to arrest the plaintiff; and
 (2) That a Hearing Officer acting as an Agent of the Commissioner of Motor Vehicles is not an impartial decision maker.
As to the claim that the Hearing Officer erroneously concluded that the arresting police officer had probable cause to arrest the plaintiff it should be recognized at the outset that the function of the court in reviewing proceedings, conducted under the provisions of the Uniform Administrative Procedures Act, Chapter 54 Connecticut General Statutes, is limited as set out in 4-183(j). The court may not substitute its judgment for that of the Agency and if there is support for the Agency's conclusions from facts appearing in the record, the conclusions must stand. Madow v. Muzio, 176 Conn. 374, 376. The record in this case as bearing on the issue of probable cause for the officer to make the arrest consists of (1) the officer's DWI CT Page 2574 Arrest and Alcohol Test (Record Item 1); and (2) the transcript of the hearing (Item 6) as it pertains to the officer's testimony of events leading up to the arrest of the plaintiff.
Those items reflect the following facts:
 That the officer had 5 years experience as a policeman (T. 7);
 That on April 14, 1990 he observed the plaintiff leave the parking lot, Charlie's Pub (T. 12);
At bar closing time (T. 13);
 That he observed the operator of the vehicle whom he later found to be the plaintiff proceed through 3 red lights (T. 7);
 That he tried to pull her over after the first light but she failed to observe his siren, red lights flashing headlights (T. 8);
 That upon stopping her she had difficulty in locating her operator's license in her wallet (T. 8);
 That there was a strong odor of alcohol on her breath (T. 8);
 That he conducted several tests as reflected later on — the test forum (Record Item 1) including the Nystagmus test which she failed (T. 8);
 That she failed the finger-to-nose test (T. 9).
These then were the observations and findings of the officer as reflected in the record as supporting the conclusion of Hearing Officer Bargar that the arresting officer had probable cause to make the arrest.
Probable cause exists "when the facts and circumstances within the knowledge of the officer and of which he has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution to believe that the person arrested had committed an offense. Beck v. Ohio, 379 U.S. 89,91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); State v. Wilson,153 Conn. 39, 42, 212 A.2d 75 (1965). An arrest for driving CT Page 2575 under the influence of intoxicating liquor, just as an arrest made for any other criminal offense, may properly be made on a finding of probable cause which is based on circumstantial, as well as direct evidence. See State v. Kreske, 130 Conn. 558,563-64, 36 A.2d 389 (1944)."
The quantum of evidence necessary to establish probable cause is less than the quantum necessary to establish proof beyond a reasonable doubt. State v. Mitchell, 200 Conn. 323,336.
It would appear from the foregoing that the arresting officer had probable cause to make the arrest and with these facts in the record there was a basis for the Hearing Officer to conclude as she did, that paragraph (f)(1) of 14-227(b) should be answered in the affirmative, i.e., that probable cause existed for the arrest.
As to the issue that the Hearing Officer was not a sufficiently detached adjudicator as she acted on behalf of the Commissioner in conducting the hearing as mandated by 14-227(b), Justice Shea in Petrowski v. Norwich Free Academy, 199 Conn. 231,236 discussing the issue of impartiality of the arbitrator, notes that impartiality is necessary on the part of those who function in quasi-judicial capacities to afford due process.
The fact that an administrative hearing officer might have been disqualified as a judge does not infect the hearing with a lack of due process.
"The courts recognize the presumption that administrators serving as adjudicators, are unbiased." The burden of establishing a disqualifying interest rests upon the party making the contention. The rationale for this conclusion was set forth at length by Justice Shea on page 238 and need not be repeated herein.
Since the plaintiff has failed to demonstrate actual proof of impartiality except for the supposition that because she was a Hearing Officer appointed by the Commissioner in accordance with the applicable statute she is, per se, biased, the appeal based upon this claim cannot be sustained.
Accordingly, the appeal is dismissed.
George W. Ripley, Judge