## STATE OF CONNECTICUT *v.* KAREEM HEDGE
### (AC 19058)

Lavery, C. J., and Schaller and Daly, Js.

Argued April 27—officially released August 8, 2000

*Denise B. Smoker*, assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Joseph Harry*, assistant state's attorney, for the appellant (state).

*H. Jeffrey Beck* and *Jeffrey G. LaPierre*, certified legal intern, with whom, on the brief, was *Maria A.*

*Cahill,* certified legal intern, for the appellee (defendant).

*Opinion*

DALY, J. The state, with the permission of the trial court pursuant to General Statutes § 54-96,[1] appeals from the judgment of the trial court dismissing the charges against the defendant following the court's decision granting the defendant's motion to suppress evidence obtained during a search of his automobile. The defendant had been charged with possession of narcotics with intent to sell in violation of General Statutes § 21a-278 (b),[2] possession of narcotics with intent to sell within 1500 feet of a public housing project in violation of General Statutes § 21a-278a (b)[3] and con-

[1] General Statutes § 54-96 provides: "Appeals from the rulings and decisions of the Superior Court, upon all questions of law arising on the trial of criminal cases, may be taken by the state, with the permission of the presiding judge, to the Supreme Court or to the Appellate Court, in the same manner and to the same effect as if made by the accused."

[2] General Statutes § 21a-278 (b) provides in relevant part: "Any person who . . . possesses with the intent to sell or dispense . . . any narcotic substance . . . and who is not at the time of such action a drug-dependent person, for a first offense shall be imprisoned not less than five years nor more than twenty years; and for each subsequent offense shall be imprisoned not less than ten years nor more than twenty-five years. . . ."

[3] General Statutes § 21a-278a (b) provides in relevant part: "Any person who violates section 21a-277 or 21a-278 by . . . possessing with the intent to sell or dispense . . . any controlled substance in or on, or within one thousand five hundred feet of, the real property comprising . . . a public housing project . . . shall be imprisoned for a term of three years, which shall not be suspended and shall be in addition and consecutive to any term of imprisonment imposed for violation of section 21a-277 or 21a-278. To constitute a violation of this subsection, an act of . . . possessing a controlled substance shall be with intent to sell or dispense in or on, or within one thousand five hundred feet of, the real property comprising . . . a public housing project . . . . For the purposes of this subsection, 'public housing project' means dwelling accommodations operated as a state or federally subsidized multifamily housing project by a housing authority, nonprofit corporation or municipal developer, as defined in section 8-39, pursuant to chapter 128 or by the Connecticut Housing Authority pursuant to chapter 129."

spiracy to sell narcotics in violation of General Statutes §§ 53a-48[4] and 21a-278 (b). The court granted the defendant's motion to suppress evidence obtained during a search of the defendant's automobile because the court concluded that the search was conducted without probable cause. Thereafter, the court dismissed the charges against the defendant.

On appeal, the state advances three alternative grounds in support of its claim that the court improperly granted the motion to suppress the evidence. Specifically, the state claims that (1) the search of the vehicle was a valid search incident to a lawful arrest, (2) the search was justified under the automobile exception to the warrant requirement and (3) the search was permitted as a protective search pursuant to a valid *Terry*[5] stop. We agree with the first of these contentions and, accordingly, reverse the judgment of the trial court.

The record discloses the following facts. On June 12, 1997, at about 1:30 a.m., Officer Robert Magnuson, Jr., of the Bridgeport police department was conducting a narcotics surveillance of a building in the Marina Village housing project. Magnuson had been involved in many similar drug surveillance operations and arrests. He also had taken advanced courses in narcotics detection at the state police academy.

Magnuson took up a position on the roof of a building close to the building under surveillance, which was known as a place for narcotics activity. Magnuson utilized binoculars to view the area, which was well illuminated. He watched the defendant for about an hour, during which time the defendant was with a known

---

[4] General Statutes § 53a-48 (a) provides: "A person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy."

[5] *Terry* v. *Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968).

drug dealer. During this time, Magnuson observed unidentified individuals enter the area, have brief conversations with the defendant and obtain small plastic bags from a brown paper bag in the defendant's waistband in exchange for money. Magnuson estimated that seven separate drug transactions were conducted during his surveillance.

Eventually, the defendant and his companion entered an automobile, with the defendant sitting in the driver's seat. Magnuson then radioed nearby officers and told them to stop the automobile. Those officers stopped the vehicle after it had been out of Magnuson's sight for only one minute. Officer Louis Cortella of the Bridgeport police department searched the vehicle and found thirty small bags containing drugs under the front passenger seat. The defendant and the other occupants of the vehicle were then arrested.

The defendant filed a motion to suppress the evidence obtained by the police during the search of the automobile, claiming that the search was made without either a warrant or probable cause and, therefore, violated his rights under the fourth and fourteenth amendments to the United States constitution and the analogous provisions of the Connecticut constitution.

After a hearing on the motion to suppress, the court found that, while the officers did have a reasonable and articulable suspicion that the defendant engaged in illegal drug transactions sufficient to justify the stop of the vehicle, the facts as known to the police did not amount to probable cause. Accordingly, the court found that the police lacked probable cause to arrest the defendant and to search the vehicle. Because the search was conducted by the police in the absence of either a warrant issued by a court or probable cause, and because there was an insufficient basis for the arrest and subsequent search incident to that arrest, the court

granted the motion to suppress the evidence obtained from that search in a memorandum of decision dated October 13, 1998. On October 15, 1998, the trial court dismissed all of the charges against the defendant, and the state filed a request for permission to appeal, which request the court granted. This appeal followed.

On appeal, the state claims that the court improperly granted the motion to suppress because there was probable cause both to arrest the defendant and to search his vehicle and, therefore, the police were permitted to conduct a search of the automobile incident to a lawful arrest or under the automobile exception to the warrant requirement. The state also claims that the search was permitted as a protective search for weapons after a valid *Terry* stop.

"Our standard of review of a trial court's findings and conclusions in connection with a motion to suppress is well defined. A finding of fact will not be disturbed unless it is clearly erroneous in view of the evidence and pleadings in the whole record . . . . [W]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision . . . ." (Internal quotation marks omitted.) *State* v. *Boyd*, 57 Conn. App. 176, 180, 749 A.2d 637, cert. denied, 253 Conn. 912, 754 A.2d 162 (2000); see also *State* v. *Velasco*, 248 Conn. 183, 188–89, 728 A.2d 493 (1999); *State* v. *Blackman*, 246 Conn. 547, 553, 716 A.2d 101 (1998); *State* v. *Casiano*, 55 Conn. App. 582, 586, 740 A.2d 435 (1999), cert. denied, 252 Conn. 942, 747 A.2d 519 (2000).

"The fourth amendment to the United States constitution, made applicable to the states through the fourteenth amendment, prohibits unreasonable searches and seizures by government agents. A warrantless search and seizure is per se unreasonable, subject to a

few well-defined exceptions. *Katz* v. *United States*, 389 U.S. 347, 357, 88 S. Ct. 507, 19 L. Ed. 2d 576 (1967); *State* v. *Miller*, 227 Conn. 363, 383, 630 A.2d 1315 (1993); *State* v. *Lewis*, 220 Conn. 602, 609, 600 A.2d 1330 (1991). The state bears the burden of proving that an exception to the warrant requirement applied. *Mincey* v. *Arizona*, 437 U.S. 385, 390–91, 98 S. Ct. 2408, 57 L. Ed. 2d 290 (1978); *State* v. *Blades*, 225 Conn. 609, 618, 626 A.2d 273 (1993). *State* v. *Eady*, 249 Conn. 431, 436, 733 A.2d 112, cert. denied, 528 U.S. 1030, 120 S. Ct. 551, 145 L. Ed. 2d 428 (1999)." (Internal quotation marks omitted.) *State* v. *Szepanski*, 57 Conn. App. 484, 487–88, 749 A.2d 653 (2000).

"One of those exceptions is a search incident to a lawful arrest. It is an established rule that a properly conducted warrantless search incident to a lawful arrest is itself lawful. *State* v. *Cobuzzi*, 161 Conn. 371, 373, 288 A.2d 439 (1971), cert. denied, 404 U.S. 1017, 92 S. Ct. 677, 30 L. Ed. 2d 664 (1972); *State* v. *Collins*, 150 Conn. 488, 492, 191 A.2d 253 (1963)." *State* v. *Velasco*, supra, 248 Conn. 189. "This exception permits a police officer to conduct a full search of an arrestee and to seize evidence as well as weapons." *State* v. *Trine*, 236 Conn. 216, 235–36, 673 A.2d 1098 (1996). "Thus, if the defendant's arrest was lawful, the subsequent warrantless search . . . also was lawful." *State* v. *Velasco*, supra, 189. "Even if a search and seizure chronologically precede a formal arrest, the search and seizure may be constitutionally valid as long as the arrest and the search and seizure are substantially contemporaneous and are integral parts of the same incident." *State* v. *Trine*, supra, 236.

Pursuant to General Statutes § 54-1f (b),[6] a police officer may conduct a warrantless arrest of "any person

---

[6] General Statutes § 54-1f (b) provides in relevant part: "Members of the Division of State Police within the Department of Public Safety or of any local police department . . . shall arrest, without previous complaint and warrant, any person who the officer has reasonable grounds to believe has committed or is committing a felony."

who the officer has reasonable grounds to believe has committed or is committing a felony." "The phrase 'reasonable grounds to believe' is synonymous with probable cause. *State* v. *Trine*, [supra, 236 Conn. 236 n.16]; *State* v. *Love*, 169 Conn. 596, 599, 363 A.2d 1035 (1975)." *State* v. *Velasco*, supra, 248 Conn. 189.

"The determination of whether probable cause exists under the fourth amendment to the federal constitution, and under article first, § 7, of our state constitution, is made pursuant to a 'totality of circumstances' test. *Illinois* v. *Gates*, 462 U.S. 213, 231–32, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983); *State* v. *Barton*, 219 Conn. 529, 544, 594 A.2d 917 (1991). With respect to warrantless arrests . . . the trial court, in determining whether the arrest is supported by probable cause, is required to make a practical, nontechnical decision whether, under all the circumstances . . . there is a *fair probability that the defendant had committed or was committing a felony. State* v. *Johnson*, 219 Conn. 557, 563, 594 A.2d 933 (1991)." (Emphasis in original.) *State* v. *Velasco*, supra, 248 Conn. 189–90.

"In order to establish probable cause, it is not necessary to produce a quantum of evidence necessary to convict. . . . Probable cause exists when the facts and circumstances within the knowledge of the officer and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution to believe that a felony has been committed. . . . *State* v. *Cobuzzi*, [supra, 161 Conn. 376]. In dealing with probable cause . . . as the very name implies, we deal with probabilities. These are not technical; they are factual and practical considerations of everyday life on which reasonable and prudent [people], not legal technicians, act. *Brinegar* v. *United States*, 338 U.S. 160, 175, 69 S. Ct. 1302, 93 L. Ed. 1879 (1949). Probable cause is a flexible common sense standard. It does not demand that a belief be correct or more likely true than

false. *Texas* v. *Brown*, 460 U.S. 730, [742,] 103 S. Ct. 1535, 75 L. Ed. 2d 502 (1983). . . . In testing the amount of evidence that supports probable cause, it is not the personal knowledge of the arresting officer but the collective knowledge of the law enforcement organization at the time of the arrest which must be considered." (Citations omitted; internal quotation marks omitted.) *State* v. *Holder*, 18 Conn. App. 184, 187–88, 557 A.2d 553 (1989).

In the present case, while Magnuson did not actually see drugs being passed by the defendant, he observed the defendant with a known drug dealer in an area known for narcotics activity. He further observed the defendant meet with a number of individuals, have brief conversations with them and then hand over small plastic bags that he took from a brown paper bag in his waistband in exchange for money. This was sufficient to warrant a man of reasonable caution, in this case, a trained and experienced police officer, to believe that a felony had been committed. See *State* v. *Holder*, supra, 18 Conn. App. 187; see also *State* v. *Carey*, 13 Conn. App. 69, 72, 534 A.2d 1234 (1987) ("police officer is authorized to arrest, without a warrant, 'any person who the officer has reasonable grounds to believe has committed or is committing a felony' ").

We conclude that the evidence in the possession of the officers involved in this case was sufficient to constitute probable cause to arrest the defendant, and, therefore, the search of the defendant and the vehicle incident to that arrest was permissible. We conclude that the court improperly granted the defendant's motion to suppress the evidence obtained.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.