[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Leslie Urso appeals the decision of the defendant commissioner of motor vehicles suspending the plaintiff's motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff refused to submit to a chemical test of the alcohol content of his blood after having been arrested on a charge of driving while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of defendant.
The record reflects the following facts. On July 9, 1997, at approximately 2:24 a.m. the plaintiff's vehicle was observed by Officer Peter Sheldrick traveling southbound in the northbound lane of Martin Luther King Drive, a divided highway in New Britain. Officer Sheldrick notified Officer Doucette who stopped the plaintiff's vehicle at the intersection with Main Street. While speaking with the plaintiff, Officer Doucette noticed that the plaintiff's speech was slightly slurred, that his eyes were red and glassy and that his breath smelled of alcohol. The plaintiff agreed to submit to the standardized field sobriety tests, and when he advised the officer of his "lazy left eye" problem, the officer requested that the plaintiff remove his eyeglasses and instructed him to perform the tests. The plaintiff CT Page 12353 performed the horizontal gaze nystagmus, and the officer observed "a distinct jerkiness at maximum deviation," "lack of smooth pursuit" and "onset of jerkiness prior to 45°," in both eyes. He performed poorly on the walk and turn test by losing his balance and not staying on the line, and likewise performed poorly on the one leg stand test. Before each test, the officer asked if the plaintiff had any physical disabilities that would affect his ability to perform the tests, and the plaintiff responded no. On the A-44 report, the officer checked the boxes accordingly, but also checked the boxes indicating the plaintiff's movements were "sure." (ROR, A-44).[1]
Based upon his observations, the officer placed the plaintiff under arrest for violating General Statutes § 14-227a. After reading the implied consent form to the plaintiff and providing him with the opportunity to call an attorney, the officer noted the plaintiff's refusal to submit to the chemical alcohol test. The Plaintiff's license was suspended pursuant to Connecticut's implied consent law.
At the hearing conducted pursuant to General Statutes §14-227b, the hearing officer admitted the A-44, the temporary license, intoxilyzer tape and the police report, including a supplement report. The plaintiff testified and offered two pieces of documentary evidence: a letter from Daniel M. Taylor, M.D. of the Eye Center of Grove Hill and a letter from James O'Brien. M.D. of University of Connecticut Medical Center.
After the hearing, on August 29, 1997, the hearing officer issued a decision suspending the plaintiff's license for six months. On September 11, 1997, the plaintiff moved for reconsideration and attached a September 4, 1997 letter from Dr. O'Brien and his own affidavit dated September 10, 1997. This appeal followed on October 6, 1997. The plaintiff moved to have this court supplement the record to add the motion for reconsideration and attachments. There being no objection, the court grants the motion to supplement the record (#108) to include these items which, the court notes, were not offered as evidence at the administrative hearing.
The plaintiff's appeal is limited to the issue of probable cause. He claims that there was insufficient evidence in the record to support the hearing officer's finding that the police officer had probable cause to arrest the plaintiff for driving while under the influence of intoxicating liquor. CT Page 12354
In this administrative appeal, it is the plaintiff's burden to prove that the commissioner's decision to suspend a motor vehicle operating privilege was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record.Schallenkamp v. DelPonte, 229 Conn. 31, 39 (1994). "Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable . . . . Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred." (Internal quotation marks omitted.) Id., 40. If there is substantial evidence in the administrative record to provide the hearing officer a reasonable basis for his finding, the decision must be upheld. Connecticut Building Wrecking Co. v. Carothers,218 Conn. 580, 601 (1991). "The obvious corollary to the substantial evidence rule is that a court may not affirm a decision if the evidence in the record does not support it". Bialowas v.Commissioner of Motor Vehicles, 44 Conn. App. 702, 709 (1997).
The hearing officer made the following subordinate findings in support of the requisite findings under General Statutes §14-227b:[2]
 1. The officer's report which indicated that the respondent refused the breath test after being apprised of the consequences of a refusal is credible. 2. There was probable cause by virtue of the respondent's traveling south in the northbound lane, slurred speech, odor of liquor on his breath, red, glassy eyes.
(ROR-Decision). The plaintiff claims that the hearing officer improperly found that there was probable cause to arrest the plaintiff
In determining if the officer had probable cause to arrest the plaintiff, the task of the hearing officer is to examine the evidence from the viewpoint of the arresting officer. Further, as noted in State v. Torres, 182 Conn. 176, 189 (1980),
 "In order to establish probable cause it is not necessary to produce a quantum of proof sufficient to establish guilt . . . . Probable cause exists when the facts and circumstances within the knowledge of the officer and of which he has reasonably CT Page 12355 trustworthy information are sufficient in themselves to warrant a man of reasonable caution to believe that a felony had been committed.' State v. Wilson, 153 Conn. 39, 42, 212 A.2d 75
[1965]." State v. Wilson, 178 Conn. 427, 435-36, 423 A.2d 72
(1979).
Here, the arresting officer heard slurred speech, smelled alcohol, and observed red and glassy eyes, all after he had been notified by another officer that the plaintiff was driving the wrong way on a city street. While the plaintiff's eye condition and the officer's removal of the plaintiff's eyeglasses throw some doubt on the results of the field sobriety test in light of the plaintiff's doctors' opinions, there remains sufficient substantial evidence on the record to find probable cause. SeeDougan v. Commissioner of Motor Vehicles, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 570429 (10/22/97, McWeeny, J.).
The plaintiff's efforts to supplement the record with additional evidence are not enough to prevail on this issue. The additional evidence was not before the hearing officer at the time of the hearing. To the extent the plaintiff challenges the department's denial of his motion for reconsideration, that issue is not reviewable. Town of Fairfield v. Connecticut SitingCouncil, 238 Conn. 361, 370-71 (1996); General Statutes §§4-166 (3), 4-181a. Even if it were, the letter of Dr. O'Brien does not address all of the factors that comprise the finding of probable cause, i.e., the driving in the wrong direction, the slightly slurred speech, and the combined effect of all the observations made by the arresting officer.
The appeal is dismissed.
DiPentima, J.