STATE OF CONNECTICUT *v.* JOSEPH PETRUZZELLI
(AC 16053)

Foti, Lavery and Cretella, Js.

Argued April 21—officially released July 22, 1997

*Denise B. Smoker*, deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Philip A. Scarpellino*, assistant state's attorney, for the appellant (state).

*Stuart T. Cadwell*, for the appellee (defendant).

*Opinion*

CRETELLA, J. With the court's permission, the state has appealed from the judgment dismissing a charge of operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a. That charge was dismissed following the granting of the defendant's motion to suppress the results of a blood test. The state sought to use those results in the defendant's prosecution on that charge.

The defendant's argument is that the taking of his blood sample at Yale-New Haven Hospital did not meet the requirements for admissibility pursuant to § 14-227a (*l*).[1]

In its oral decision from the bench, the trial court stated: "The state failed to prove that the defendant had suffered any personal or alleged personal injuries under § 14-227a (*l*) and that the blood test was taken for diagnosis and treatment of any injury. . . . The court finds that the blood test was not taken for the purpose of diagnosis and treatment of any injury sustained, but for the primary purpose of providing evidence to convict him of the driving while under the influence charge under § 14-227a (*l*). The state has failed by preponderance of the evidence to comply with the requirements of § 14-227a (*l*) (1). Furthermore, it violated his constitutional rights against unreasonable search and seizure guaranteed by article first, § 7, of the Connecticut Constitution and [the fourth amendment to] the United States Constitution." We disagree and reverse the order suppressing the blood test data.

"On appeal, we apply a familiar standard of review to a trial court's findings and conclusions in connection with a motion to suppress. A finding of fact will not be disturbed unless it is clearly erroneous in view of the evidence and pleadings in the whole record . . . . Practice Book § 4061 . . . . The conclusions drawn by the trial court will be upheld unless they are legally and

---

[1] General Statutes § 14-227a (*l*) provides in relevant part: "[E]vidence respecting the amount of alcohol or drug in the blood of an operator of a motor vehicle involved in an accident who has suffered or allegedly suffered physical injury in such accident, which evidence is derived from a chemical analysis of a blood sample taken from such person after such accident at the scene of the accident, while en route to a hospital or at a hospital, shall be competent evidence to establish probable cause for the arrest by warrant of such person for a violation of subsection (a) of this section and shall be admissible and competent in any subsequent prosecution thereof if: (1) The blood sample was taken for the diagnosis and treatment of such injury . . . ."

logically inconsistent with the evidence." (Citations omitted; internal quotation marks omitted.) *State* v. *Trine*, 236 Conn. 216, 225, 673 A.2d 1098 (1996).

At the outset we note that the defendant's written motion to suppress made no claim of unreasonable search and seizure under article first, § 7, of the Connecticut constitution or the fourth amendment to the United States constitution. The defendant did briefly refer to the fourth amendment during his oral argument and the court agreed to consider it. In his brief to this court, the defendant alleged only that "the taking of the blood sample from the defendant constituted an illegal search and seizure." We will dispose of the argument concerning illegal search and seizure by noting that the issues in this matter do not involve fourth amendment claims. The police did not take the blood sample or ask for it to be drawn.[2] See *Skinner* v. *Railway Labor Executives' Assn.*, 489 U.S. 602, 614, 109 S. Ct. 1402, 103 L. Ed. 2d 639 (1989) ("Fourth Amendment does not apply to a search or seizure, even an arbitrary one, effected by a private party on his own initiative"). We will, therefore, direct our attention only to whether the use of the blood sample and test thereon was in violation of § 14-227a (*l*).

The record from the motion to suppress hearing provides extensive evidence that the defendant's vehicle struck a tree with great force, causing substantial damage to the vehicle. There was probable cause to arrest the defendant at the scene for driving while intoxicated

---

[2] The trial court also cited the Connecticut constitution's provision protecting against unreasonable search and seizure, article first, § 7, as a ground for its decision. The decision did not suggest that the protection in article first, § 7, differs from the fourth amendment protection in relation to the issue presented here. Moreover, the defendant has never argued that the state constitution affords him greater protection than does the federal constitution. Because no serious claim has been raised under the state constitution, we confine our analysis to the fourth amendment. See *State* v. *Floyd*, 217 Conn. 73, 74 n.2, 584 A.2d 1157 (1991).

but, on the basis of their observations, the trained medical personnel who came to the scene deemed it advisable, necessary and prudent to have the defendant transported to a hospital for a more complete medical diagnosis.[3] For the police to have done otherwise would have been in dereliction of their duties and at possible peril to the defendant's health. The hospital personnel took a sample of the defendant's blood to determine if his behavior was related to intoxication or to a latent head injury. The state later obtained the results of the blood test pursuant to a warrant not challenged in this appeal.

The trial court's requirement that the state prove that the defendant either suffered actual physical injury or that he claimed he was physically injured is flawed. The fact that the defendant, following the accident, stated he had not sustained any injuries is not the test. Also unimportant is whether the defendant consented to the blood test at the hospital. Consent is not a prerequisite for the admission of the blood test under the statute. The conclusion of the hospital emergency room report that the defendant had not suffered injuries in the accident also had no bearing on the application of § 14-227a (*l*). *The test under the statute is whether the defendant has suffered or allegedly suffered physical injury in such accident.* The medical personnel who observed the defendant following the accident agreed that he should be examined for possible internal injuries. This conclusion met the *alleged physical injury* requirement.

The next condition for admissibility is whether the blood sample was taken for the diagnosis and treatment of such injury or alleged injury. The record reveals no

---

[3] There was no evidence to support the trial court's conclusion that the defendant was sent to the hospital as a pretext to enable the police to gather evidence to convict him of driving while under the influence.

evidence to support the court's finding that the blood test was taken "for the primary purpose of providing evidence to convict him of the driving while under the influence charge under § 14-227a (*l*)." The hospital report's conclusion that the defendant suffered no injuries does not support the finding of the court that the blood test was done to aid the state. One finding does not follow from the other. There was no evidence that the blood was tested at the request of the police. The defendant presented no evidence to contradict the hospital report's conclusion or the testimony of a physician from the hospital's emergency room that the blood sample was taken for the diagnosis and treatment of the defendant for possible injury.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.