[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant who is charged with a violation of General Statutes § 14-227a and other offenses has filed a motion to suppress evidence relating to the alcohol content of his blood as determined by a blood analysis performed at Lawrence Memorial Hospital. The state obtained the results of the analysis by way of a search warrant issued pursuant to § 14-227a(l).
 FACTUAL FINDINGS
The court having considered the evidence introduced at the hearing on the motion finds the following facts were proven by a preponderance of the evidence:
On December 16, 1998, at approximately midnight, a Dodge Ram pickup operated by the defendant was involved in a motor vehicle collision on Route 85 in the vicinity of Route 95 in the Town of Waterford. The defendant's vehicle was heading northbound on Route 85 when it collided with another vehicle. After the collision, the defendant vehicle came to rest heading south on Route 85.
Officer Brett Mahoney of the Waterford Police Department arrived on the scene and found the defendant behind the wheel of the pickup. There were no other occupants in the vehicle. Officer Mahoney detected the aroma of liquor coming from the vehicle and he observed an open bottle of Sambuca which was one-third empty located in the vicinity of the driver's seat.
The defendant was treated at the scene by EMTs and then transported by ambulance to Lawrence Memorial Hospital. At the hospital, he was treated at the emergency department by Dr. Gregory Young, staff attending physician in the emergency department. Dr. Young testified that the defendant presented with an altered mental status and confusion. The CT Page 9792 defendant also became increasingly belligerent and agitated while he was in the emergency room. Dr. Young testified that such behavior was a common presentation for patients with altered mental status after trauma. Dr. Young ordered a trauma profile which is a battery of blood tests, including a test for blood alcohol. Dr. Young testified it was a medical necessity to order the trauma profile to determine if the defendant had suffered a head injury or was intoxicated. Dr. Young was aware that the paramedics who treated the defendant at the scene described the defendant as having leg complaints and having an injury to his chest.
The blood for the trauma profile was drawn by Nicole Gomes, a medical technologist. The defendant did not cooperate in having his blood drawn. Because security personnel from the hospital were not available, Officer Mahoney assisted Ms. Gomes in obtaining a blood sample from the defendant.
Officer Mahoney did not ask that blood be taken from the defendant. Ms. Gomes took blood from the defendant at the direction of Dr. Young. Dr. Young was not asked by the police to draw blood from the defendant.
 DISCUSSION
In the motion to suppress, the defendant claims that the taking of his blood violated his rights under United States and Connecticut Constitutions. At the beginning of the hearing on the motion, the court indicated to counsel that it viewed the motion to suppress as a challenge to the validity of the search warrant, issued pursuant to § 14-227a(l), used to obtain the defendant's blood test results from Lawrence 
Memorial Hospital. Counsel stipulated that the hearing on the motion would proceed on that basis.
The court finds that the requirements of § 14-227a(l) have been met based upon the following subordinate findings. The defendant was the operator of the vehicle he was found in at the scene of the accident. In the accident, the defendant allegedly suffered physical injuries and he was treated at the scene by EMTs. The alleged physical injuries required the defendant to be strapped to a backboard and transported by ambulance to the emergency room of Lawrence Memorial Hospital. The EMT records provided to Dr. Young stated that the defendant described leg complaints and a chest injury. Dr. Young observed a change in the defendant's demeanor while he was in the emergency department. When Dr. Young first saw the defendant, the defendant was disoriented and confused; later, the defendant became combative. Dr. Young ordered a trauma profile blood sample. The court finds that the blood sample was taken for the diagnosis and treatment of the defendant's alleged injuries. The court notes that CT Page 9793 there is a lack of evidence regarding any actual injury suffered by the defendant in the accident. However, lack of injury does not help the defendant here. In a similar case, the Appellate Court stated, "The conclusion of the hospital emergency room report that the defendant had not suffered injuries in the accident also had no bearing on the application of § 14-227a(l). The test under the statute is whether thedefendant has suffered or allegedly suffered physical injury in theaccident." (Emphasis in original.) State v. Petruzzelli, 45 Conn. App. 804,808 (1997). The action of the EMTs and the observations of Dr. Young meet the "alleged physical injury" requirement.
The court finds that the blood sample was taken by a qualified individual. The defendant has raised the issue of Ms. Gomes' qualifications, presumably because she is not a "phlebotomist" or a "laboratory technician", terms used in § 14-227a(l)(3). Based upon the testimony of Judith Portelance, administrative director of the laboratory at Lawrence Memorial Hospital, the court finds that Ms. Gomes, a certified medical technologist, is at least as qualified as a laboratory technician. The Appellate Court approved a similar finding in the case of State v. Gilbert, 30 Conn. App. 428, 441 (1993).
There is sufficient evidence for the court to conclude that Officer Mahoney, based on his observations at the accident scene and at the hospital, had reason to believe that the defendant was operating a motor vehicle under the influence of intoxicating liquor. Officer Mahoney smelled the odor of liquor coming from the defendant and observed an open, partially consumed, bottle of liquor in the defendant's motor vehicle. He observed that the defendant had blood shot and glassy eyes and he noted that the defendant's speech was thick and slurred.
It is undisputed that a judge has previously issued a search warrant for the chemical analysis of the defendant's blood taken at Lawrence 
Memorial Hospital after the accident.
The defendant has raised several issues at oral argument and in his memorandum that do not specifically pertain to § 14-227a(l). Several of these issues have been addressed by the Appellate Court in the case ofState v. Petruzzelli, supra. The defendant claims that he never consented to the taking of a sample of his blood. "Consent is not a prerequisite for the admission of the blood test under the statute [§ 14-278
(l)], State v. Petruzzelli, 45 Conn. App. 804, 808 (1997).
The defendant claims that the taking of his blood constituted a violation of his rights under the Fourth Amendment to the United States Constitution and article first, § 7 of the Connecticut constitution. The court finds that the blood sample was ordered by Dr. Young and notes CT Page 9794 that there was no evidence indicating that Officer Mahoney requested that a blood sample be taken. A similar claim was raised in Petruzzelli and the court stated: "We will dispose of the argument concerning illegal search and seizure by noting that the issues in this matter do not involve Fourth Amendment claims. The police did not take the blood sampleor ask that it be drawn. (Emphasis supplied.) See Skinner v. RailwayLaborer Executives Association, 489 U.S. 602, 619, 101 S.Ct. 1402,103 L.Ed.2d 639 (1989). (Fourth amendment does not apply to a search procedure, even an arbitrary one, affected by a private party on his own initiative.) Id. 807.
In order to violate protection of the Fourth Amendment to the United States constitution and article first, § 7 of the constitution of Connecticut, there must be state action. In the case of State v. Smith,40 Conn. App. 789 (1996), the defendant, who was charged with arson, claimed the search of his fire damaged property by private insurance investigators violated his constitutional rights. The court held that the investigators were not agents of the state and held "their entry onto the defendant's business premises did not constitute an illegal search under the Fourth Amendment to the United States constitution and article first, § 7 of the constitution of Connecticut." Id., 792. Officer Mahoney's assistance when Ms. Gomes obtained a blood sample from the defendant upon orders from Dr. Young does not constitute state action.
In argument and in his brief, the defendant has raised the issue of "chain of custody". This issue does not affect the court's findings since at the hearing there was no affirmative showing that the blood sample was, in some way, tampered with, misplaced, mislabeled, or otherwise mishandled. See State v. Barnes, 47 Conn. App. 590, 597 (1998)
For the foregoing reasons, the motion to suppress is denied.
Domnarski, J.