STATE OF CONNECTICUT *v.* CAMERON MOUNDS
(AC 23679)

Lavery, C. J., and Schaller and DiPentima, Js.

---

[10] See 2 Restatement (Second), Torts §§ 314A, 324 (1965).

Argued December 8, 2003—officially released February 3, 2004

*Robert J. McKay*, special public defender, for the appellant (defendant).

*Rita M. Shair*, senior assistant state's attorney, with whom were *James E. Thomas*, state's attorney, and, on the brief, *Terri L. Sonnemann*, assistant state's attorney, and *Alexandra Jojin*, certified legal intern, for the appellee (state).

*Opinion*

SCHALLER, J. The defendant, Cameron Mounds, appeals from the judgment of conviction, rendered after a jury trial, of possession of narcotics in violation of General Statutes § 21a-279 (a) and possession of narcotics within 1500 feet of a school in violation of General Statutes § 21a-279 (d). The defendant claims that the court improperly denied his motion to suppress the evidence obtained during a search of his vehicle because the police detectives lacked probable cause and the search was not contemporaneous to his arrest. We affirm the judgment of the trial court.

The record discloses the following facts. On January 3, 2002, Alfred Henderson, a detective with the Hartford police department, received a telephone call from a confidential informant that a black man named "Cameron" was selling drugs out of a green station wagon with tinted windows parked at 53 Elmer Street in Hartford. Henderson, an eight year veteran assigned to the narcotics division, had used that confidential informant in the past, and the informant's information had led to convictions. Henderson knew the defendant as well.

Henderson and his partner, Detective Sean Spell, proceeded to the area in question and set up surveillance of the vehicle. Henderson observed the vehicle at a distance of approximately fifty feet. He observed a green station wagon with tinted windows. A person was in the driver's seat and the engine was running. Shortly thereafter, a man approached, entered the vehicle and exited. Henderson then observed a second man approach the driver's side door and count an amount of money before handing it to the driver in exchange for a small item. A third man, shortly thereafter, approached and entered the vehicle. At that point, Henderson met with Spell, who had been parked nearby in an unmarked cruiser.

Henderson and Spell drove to 53 Elmer Street, blocked the defendant's vehicle and ordered him to turn the engine off. The defendant complied. Henderson recognized the defendant and ordered him to exit the vehicle. Spell approached to the rear passenger side and removed the male passenger from the vehicle. When escorting the male passenger from the vehicle, Spell observed him drop a small white bag on the ground. The detectives patted down the two men for weapons. Henderson went to the area where Spell had observed the male passenger drop the white bag. He located the bag and suspected that it contained crack cocaine on the basis of his years of training and experience. At that point, Henderson searched the interior of the vehicle. In the glove compartment, he found a bag containing more than $1000 in small denominations. In the center console, he found numerous small packages of crack cocaine. The defendant was then placed under arrest at the scene for possession of narcotics with intent to sell.

At trial, the defendant filed a motion to suppress the evidence found in his vehicle as the fruit of an illegal search and seizure. The court denied his motion. On October 18, 2002, the defendant was convicted of possession of narcotics and possession of narcotics within 1500 feet of a school. This appeal followed.

The defendant claims that the court improperly denied his motion to suppress. Specifically, the defendant argues that evidence seized from his vehicle should have been suppressed because the detectives lacked probable cause and the search was not contemporaneous with his arrest. We disagree.

The standard of review for a motion to suppress "involves a two part function: where the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and

whether they find support in the facts set out in the memorandum of decision; where the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous." (Internal quotation marks omitted.) *State* v. *Nowell*, 262 Conn. 686, 694, 817 A.2d 76 (2003).

I

The defendant first challenges the court's legal conclusion that the search of the vehicle was supported by probable cause. "Probable cause to search exists if: (1) there is probable cause to believe that the particular items sought to be seized are connected with criminal activity or will assist in a particular apprehension or conviction . . . and (2) there is probable cause to believe that the items sought to be seized will be found in the place to be searched." (Internal quotation marks omitted.) *State* v. *Smith*, 257 Conn. 216, 223, 777 A.2d 182 (2001). "The determination of whether probable cause exists under the fourth amendment to the federal constitution, and under article first, § 7, of our state constitution, is made pursuant to a totality of circumstances test. *Illinois* v. *Gates*, 462 U.S. 213, 231–32, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983) . . . ." (Citation omitted; internal quotation marks omitted.) *State* v. *Smith*, supra, 223.

The court's memorandum of decision states that "[i]t is clear that Detective Henderson had probable cause to believe that there was a drug selling operation being operated out of a green station wagon parked in front of 53 Elmer Street. He had received a telephone call from a concerned citizen reporting those facts to him. When Detective Henderson and his partner went to the particular location, they observed a green station wagon

parked out in front of 53 Elmer Street. During the course of the surveillance, Detective Henderson observed at least three persons approach the car and stay for a short period of time. In one case, the detective observed the exchange of money for a small package. All of this activity, coupled with the call from the concerned citizen, clearly satisfies the probable cause standard."

We agree with that conclusion. Further, although the court did not rely on it, the evidence that Spell observed in plain view, the small white bag of crack cocaine that had been dropped by the passenger when exiting the defendant's vehicle, satisfies the probable cause test. Probable cause to search or arrest existed because of the corroborated information from an informant, the detective's independent observations of three drug transactions and the crack cocaine that was found in plain view.

## II

The defendant next argues that the search was not contemporaneous with his arrest because there was no lawful arrest of him prior to the search. We disagree.

"Under both the federal and the state constitutions, a warrantless search and seizure is per se unreasonable, subject to a few well defined exceptions. *Katz* v. *United States*, 389 U.S. 347, 357, 88 S. Ct. 507, 19 L. Ed. 2d 576 (1967) . . . . One of those exceptions is a search incident to a lawful arrest. It is an established rule that a properly conducted warrantless search incident to a lawful arrest is itself lawful. . . . Thus, if the defendant's arrest was lawful, the subsequent warrantless search of his person also was lawful. . . . Moreover, when police make a lawful custodial arrest of an occupant of an automobile, and the arrestee is detained at the scene, police may contemporaneously search without a warrant the interior passenger compartment of the automobile. . . . The passenger compartment

encompasses all space reachable without exiting the vehicle." (Citations omitted; internal quotation marks omitted.) *State* v. *Nowell,* supra, 262 Conn. 696–97.

In the present case, the defendant was not placed under arrest until after the detectives searched his vehicle. It is clear that "[e]ven if a search and seizure chronologically precede a formal arrest, the search and seizure may be constitutionally valid as long as the arrest and the search and seizure are substantially contemporaneous and are integral parts of the same incident." *State* v. *Trine,* 236 Conn. 216, 236, 673 A.2d 1098 (1996). Here, the defendant was immediately placed under arrest after the detectives searched his vehicle and seized the contraband from it. The search and seizure were constitutionally valid because the detectives had probable cause to search the vehicle, and the "formal arrest followed quickly on the heels of the challenged search . . . ." *Rawlings* v. *Kentucky,* 448 U.S. 98, 111, 100 S. Ct. 2556, 65 L. Ed. 2d 633 (1980). Accordingly, we conclude that the court properly denied the defendant's motion to suppress.

The judgment is affirmed.

In this opinion the other judges concurred.