STATE OF CONNECTICUT *v.* KANIYN J. PARKER
(AC 24195)

Foti, Dranginis and Flynn, Js.

Argued May 27—officially released August 31, 2004

*Matthew J. Costello*, for the appellant (defendant).

*Ronald G. Weller*, assistant state's attorney, with whom, on the brief, were *David Shepack*, state's attorney, and *Dawn M. Gallo*, assistant state's attorney, for the appellee (state).

*Opinion*

FOTI, J. The defendant, Kaniyn J. Parker, appeals from the judgment of conviction, rendered following his conditional plea of nolo contendere. On appeal, the defendant claims that the court improperly (1) denied his motion to suppress certain seized evidence and (2) made a credibility determination concerning two testifying witnesses. We affirm the judgment of the trial court.

The court found the following facts. On May 26, 2001, Juan Maldonado, a Connecticut state trooper, was conducting equipment and seat belt inspections with another Connecticut state trooper on an entrance ramp to Route 8 in Thomaston. The defendant was traveling toward the troopers in a car with Brunilda Morales as the passenger. Maldonado motioned to him to slow down his vehicle because he was traveling unreasonably fast. As the defendant slowed to a stop, the other trooper noticed that Morales was not wearing a seat belt and then told Maldonado, who noticed the seat belt violation himself. The troopers ultimately stopped the defendant for the seat belt violation.

As Maldonado approached the driver's side of the vehicle, he detected the odor of marijuana coming from

the driver's open window.[1] After checking the motor vehicle operator's license of the defendant and his registration, Maldonado discovered that the defendant had a history of narcotic related offenses. Maldonado then returned to the defendant's vehicle, asked him to step out of the vehicle and questioned him as to whether he had any illegal narcotics or contraband on his person or in the car. The defendant answered affirmatively and then removed three "dime bags" of a marijuana-like substance from his pocket. As a result, Maldonado placed the defendant under arrest, handcuffed him and read him his *Miranda* rights. After placing the defendant in a police cruiser, Maldonado searched the defendant's vehicle and found more "dime bags" of marijuana, in addition to a "white powdery rock-like substance" under the driver's seat. When asked about those items, the defendant responded that they were his.

The defendant subsequently was charged with possession of a controlled substance with the intent to sell in violation of General Statutes § 21a-277 (b), possession of narcotics in violation of General Statutes § 21a-279 (a) possession of less than four ounces of marijuana in violation of General Statutes § 21a-279 (c). On October 16, 2001, the defendant filed a motion to suppress, claiming that the "search, seizure and arrest of [his] person and the search of his automobile was in contravention of [his] right to be secure against unreasonable searches and seizures as guaranteed by the United States Constitution . . . ." In its memorandum of decision, dated June 25, 2002, the court denied the defendant's motion, concluding that (1) there was probable cause to stop the vehicle because the front seat passenger was not wearing a seat belt, (2) "Maldonado had probable cause to arrest the defendant because as he

---

[1] The court further found that Maldonado was trained to recognize the odor of marijuana.

approached the driver's side of the car, he detected a strong odor of marijuana coming from the defendant driver's rolled down window and because the defendant admitted having illegal narcotics and took [them] out of his pocket and gave three dime bags of a marijuana-like substance to [Maldonado]" and (3) for these same reasons, Maldonado possessed sufficient objective facts to base a finding of probable cause to search the defendant's vehicle for contraband. On January 28, 2003, the defendant pleaded nolo contendere to possession of a controlled substance with the intent to sell, conditioned on his right to appeal pursuant to General Statutes § 54-94a and Practice Book § 61-6. The defendant subsequently was sentenced to an agreed upon term of incarceration of four years. This appeal followed.

I

The defendant first claims that the court improperly denied his motion to suppress. Specifically, the defendant argues that (1) the state troopers' stop of his vehicle was a pretextual stop and (2) there was no probable cause to arrest him and subsequently to search his vehicle.[2] We will address each of the defendant's arguments in turn.

"Our standard of review of a trial court's findings and conclusions in connection with a motion to suppress is well defined. A finding of fact will not be disturbed unless it is clearly erroneous in view of the evidence

[2] The defendant also argues that Maldonado did not provide him with sufficient *Miranda* warnings and, therefore, any statements obtained must be suppressed. The defendant, however, did not preserve this claim at trial and now requests review pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). "The absence of any finding by the court as to the circumstances surrounding [a] statement prohibits review under [*Golding*]." *State* v. *Gregory*, 74 Conn. App. 248, 260 n.3, 812 A.2d 102 (2002), cert. denied, 262 Conn. 948, 817 A.2d 108 (2003). Because the record is devoid of any such findings by the court, we decline to review the defendant's claim.

and pleadings in the whole record. . . . [W]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision . . . . When a factual issue implicates a constitutional claim, however, we review the record carefully to ensure that its determination was supported by substantial evidence." (Internal quotation marks omitted.) *State* v. *Pierre*, 83 Conn. App. 28, 32, 847 A.2d 1064 (2004).

## A

The defendant first argues that the stop of his vehicle was a pretextual stop in violation of the Fourth Amendment to the United States Constitution.[3] Specifically, the defendant claims that the troopers used the minor seat belt violation as a pretext to investigating the unrelated and more serious drug offense for which they did not have the reasonable suspicion to support a stop. We do not agree.

"A pretextual stop occurs when the police use a legal justification to make the stop in order to search a person or place, or to interrogate a person, for an unrelated serious crime for which they do not have the reasonable suspicion necessary to support a stop. The classic example . . . occurs when an officer stops a driver for a minor traffic violation in order to investigate a hunch that the driver is engaged in illegal drug activity." *United States* v. *Guzman*, 864 F.2d 1512, 1515 (10th Cir. 1988), overruled on other grounds, *United States* v. *Botero-Ospina*, 71 F.3d 783 (10th Cir. 1995) (en banc). Although a minority of jurisdictions have based the test for a pretextual stop on the subjective intent of the officer,

[3] The defendant also claims that his rights under the constitution of Connecticut have been violated, but because he provided no independent legal analysis for this claim, we will limit our review to his federal constitutional claim. See *State* v. *Sandoval*, 263 Conn. 524, 532 n.17, 821 A.2d 247 (2003).

the United States Supreme Court has abandoned that approach where the officer has an objectively justifiable basis to make the stop. See *Whren* v. *United States*, 517 U.S. 806, 809–13, 116 S. Ct. 1769, 135 L. Ed. 2d 89 (1996) ("[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis").

In the present case, the troopers stopped the defendant's vehicle because Morales was not wearing a seat belt. Failure to wear a seat belt is clearly prohibited under Connecticut law and allowed the troopers to stop the vehicle lawfully. See General Statutes § 14-100a (c); *State* v. *Dukes*, 209 Conn. 98, 122, 547 A.2d 10 (1988) ("[a] police officer has the right to stop a motor vehicle operating on a Connecticut highway even if the reason for the stop is only an infraction under our traffic laws"). As a result, because the troopers had an objectively justifiable basis for making the stop, we cannot conclude that it was a pretextual stop in violation of the Fourth Amendment to the United States Constitution.

## B

The defendant next argues that after his vehicle was stopped for a seat belt violation,[4] Maldonado did not have probable cause to arrest him and subsequently to search his vehicle. Specifically, the defendant claims that failure to wear a seat belt in violation of § 14-100a (c) does not provide probable cause for an arrest and subsequent search of a vehicle. We do not agree.

"A police officer is authorized to arrest, without a warrant, any person who the officer has reasonable grounds to believe has committed or is committing a felony. General Statutes § 54-1f (b); *State* v. *Dennis*,

[4] The defendant also argues that there was not probable cause to stop his vehicle because the testimony at trial did not prove adequately that Morales was not wearing a seat belt. Because the defendant is asking this court to retry the trial court's credibility determinations, this claim must fail. See part II of this opinion.

189 Conn. 429, 431, 456 A.2d 333 (1983). The term reasonable grounds as used in the statute is synonymous with probable cause. *State* v. *Dennis*, supra, 431.

"[T]o establish probable cause, it is not necessary to produce a quantum of evidence necessary to convict. . . . Probable cause exists when the facts and circumstances within the knowledge of the officer and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution to believe that a felony has been committed." (Internal quotation marks omitted.) *State* v. *Jeffreys*, 78 Conn. App. 659, 663, 828 A.2d 659, cert. denied, 266 Conn. 913, 833 A.2d 465 (2003).

"Under the federal and Connecticut constitutions, the court uses a totality of the circumstances test in determining whether probable cause existed. . . .

"In reviewing a trial court's determination that probable cause to arrest existed, we consider whether [it is] legally and logically correct and whether [it] find[s] support in the facts set out in the memorandum of decision . . . . Because a trial court's determination of the existence of probable cause implicates a constitutional claim, we must review the record carefully to ensure that its determination [is] supported by substantial evidence. . . . In evaluating probable cause for a warrantless search, the court may consider *all* of the legally obtained facts available to a police officer, and *all* of the reasonable inferences that might be drawn therefrom in light of the officer's training and experience." (Citations omitted; emphasis in original; internal quotation marks omitted.) Id., 664.

Under the totality of circumstances, in the present case, there was probable cause for Maldonado to arrest the defendant. After the initial stop of the defendant's vehicle for a seat belt violation, Maldonado approached the vehicle to obtain the defendant's license and regis-

tration when he detected the odor of marijuana in the vehicle. Following a check of the defendant's license and registration, from which he learned that the defendant had a history of drug-related offenses, Maldonado lawfully asked the defendant to exit the vehicle. See *State* v. *Dukes*, supra, 209 Conn. 122. Once the defendant was outside of the vehicle, Maldonado asked the defendant if he had any illegal narcotics or contraband in the vehicle or on his person. The defendant responded in the affirmative and removed three "dime bags" of a marijuana-like substance from his pocket. At this point, Maldonado had sufficient probable cause to place the defendant under arrest because the facts and circumstances within his knowledge were sufficient to warrant a person of reasonable caution to believe that a felony had been committed.

Having determined that the warrantless arrest of the defendant was lawful, we next turn to the subsequent search of the defendant's vehicle and seizure of additional "dime bags" of marijuana and a "white powdery rock-like substance." "Under both the federal and the state constitutions, a warrantless search and seizure is per se unreasonable, subject to a few well defined exceptions. . . . One of those exceptions is a search incident to a lawful arrest. It is an established rule that a properly conducted warrantless search incident to a lawful arrest is itself lawful. . . . Thus, if the defendant's arrest was lawful, the subsequent warrantless search of his person also was lawful. . . . Moreover, when police make a lawful custodial arrest of an occupant of an automobile, and the arrestee is detained at the scene, police may contemporaneously search without a warrant the interior passenger compartment of the automobile. . . . The passenger compartment encompasses all space reachable without exiting the vehicle." (Citation omitted; internal quotation marks omitted.) *State* v. *Mounds*, 81 Conn. App. 361, 366–67,

840 A.2d 29, cert. denied, 268 Conn. 914, 845 A.2d 416 (2004). In light of our determination that the arrest of the defendant was lawful, we also must conclude that the ensuing search of the vehicle, where illegal narcotics were found under the driver's seat, was lawful as a search incident to a lawful arrest.[5]

## II

The defendant next claims that the court improperly failed to balance the conflicting testimony of two witnesses in denying his motion to suppress. Specifically, the defendant argues that the court's factual finding that Morales was not wearing a seat belt should be overturned because it rests implicitly on Maldonado's version of the events at issue and that, in light of Morales' contradictory testimony, Maldonado's version of the events was not credible.

"In a [proceeding] tried before a court, the trial judge is the sole arbiter of the credibility of the witnesses and the weight to be given specific testimony. . . . Where there is conflicting evidence . . . we do not retry the facts or pass on the credibility of the witnesses. . . . The probative force of conflicting evidence is for the trier to determine." (Citation omitted; internal quotation marks omitted.) *State* v. *James*, 237 Conn. 390, 407, 678 A.2d 1338 (1996). Because the court's finding as to whether Morales was wearing a seat belt turned on which account of the events it found to be more credible, and because it reasonably could have accepted Maldonado's version of the events, we will not retry those credibility determinations on appeal.

---

[5] The defendant also argues that the failure to wear a seat belt does not constitute probable cause to search the vehicle. The defendant, however, has misinterpreted the court's findings. The search of the vehicle did not occur until after Maldonado had placed the defendant under arrest, thereby making the search incident to a lawful arrest. See *State* v. *Mounds*, supra, 81 Conn. App. 366–67.

The judgment is affirmed.

In this opinion the other judges concurred.